### Edwin Alexander's Heirs v. Samuel A. Maverick.

The Statute of 1843, (Hart. Dig. 1067) did not prohibit the Probate Court from ordering a sale of the property of an estate on the petition or application of the administrator.

This question was not necessarily involved in the decision of the case of Miller v. Miller, (10 Tex. R. 319) on which counsel for the appellant rely, and was not decided by the Court in that case.

It has been assumed, generally, that a petition was necessary to give jurisdiction to the Probate Court to order the sale of the property of deceased persons ; or to call into exercise the jurisdiction of the Court over the subject matter. But the question has not been necessarily involved in the decision of any case, and has not been authoritatively decided.

It does not affirmatively appear by the record in this case, that the application (by an administrator for an order of sale) was not made by a petition in writing But if it did so appear, I apprehend it could not, on principle, be held to defeat the Probate Court of its jurisdiction to order the sale on the application of the administrator ; nor could the purchaser be affected by the irregularity, if such it was, in making the order. He was not required to look beyond the judgment of a Court of competent jurisdiction.

It would seem that the Probate Courts are Courts of general jurisdiction over the estates of deceased persons, and that all presumptions are in favor of the regularity of their proceedings, which cannot be impeached except for fraud or by showing that in the instance of that estate, the jurisdiction did not attach ; but on the latter exception see Burdett v. Silsbee, 15 Tex. R 604.

An entry that the final account of an administrator be admitted and filed, and that he be discharged upon paying costs, is not such a final close of the administration, as will defeat the title of a bona fide purchaser at a sale by such administrator, upon order granted eight months afterwards.

This case distinguished from Hurt v. Horton, 12 Tex. R. 285.

Appeal from Travis. Tried below before Robert J. Townes, Esq., appointed by the parties.

Suit by appellants, as heirs of Edwin Alexander, deceased, against appellee, commenced Aug. 19, 1854, in Bexar county, and afterwards removed by change of venue to Travis, to clear the title to three and one-third leagues of land, describing

them and setting forth the facts. Answer by defendant, setting up title in himself.

A jury was waived, and the cause submitted to the Court upon the following evidence. The plaintiffs proved that Edwin Alexander died in 1838, being at the time a resident of Bexar, and the owner of the lands in controversy, and that plaintiffs were his nephews and nieces ; that he had no wife or child, and that he recognized the plaintiffs as his heirs in his life-time. The defendants gave in evidence a transcript from the records of the Probate Court of Bexar county, from which it appeared as follows : At January Term, 1839, James Mc-Gloin was appointed administrator of said Alexander's estate. The proceedings of the administrator and of the Probate Court down to August Term, 1841, showed very clearly that there was very little if any cause for administration, to pay debts, and that the administrator was consuming the estate by the expenses of administration. The proceedings after that were as follows :

Probate Court, August Term, 1841. The Hon. the Probate Court in and for the county of Bexar, met at the Court House in the city of San Antonio on the 30th day of August, 1841. Present John S. Simpson, Judge of Probates ; Franklin L. Paschal, Sheriff ; Thos. H. O'S. Addicks, Clerk.

When the Court was opened in the ordinary form and the causes on the docket disposed of as follows, to-wit :

Estate No. 52. Inventory and appraisement of a piece of property belonging to the estate of Edwin Alexander, deceased, together with an application by the administrator for an order of sale, and the order of the Judge of Probates, dated 10th inst., during vacation of this Court, that the adm'r. proceed and sell, as required by law, so much of the property of said estate as may be sufficient to meet the claims against the same, filed this day in open Court.

Republic of Texas, County of Bexar. To the Hon. the Judge of the Probate Court.

Your petitioner, James McGloin, adm'r. of the estate of Edwin Alexander deceased, represents that he has collected, so far as he believes to be practicable, the amounts that were due said succession, all which are insufficient to discharge the claims against the same; that there is property in his hands belonging to said estate as follows: a certificate for one league and labor of land, and the deceased's headright of twelve hundred and eighty acres, as will be found by reference to the inventory and sale bill, filed in the office of the Clerk of the Probate Court; also a piece of property lately discovered and which is not placed on the original inventory, as I had no account of it, the titles being lost, to-wit: a lot of land on the west side of San Pedro Creek, calling for forty varas fronting on said creek and running back sixty varas, the title to which is spread on the county record book D, page 86, dated 8th of September, 1837, conveyed by Francisco Zepida to said Edwin Alexander, deceased, for which property your petitioner prays an order of appraisement. And the time allowed for the settlement of successions having been, by permission of the Court, already prolonged, and as no benefit can result from further delay, your petitioner prays that orders may be given him to make sale of the property before mentioned, or as much thereof as will satisfy all claims against the said estate, that the business of said succession may be finally settled, and he discharged from the administration, and as in duty bound, &c. San Antonio, July 31st, 1841. James McGloin, Adm'r.

Bexar County Probate Court, in vacation, 10th Aug., 1841. The within petition, having been duly considered by me, it is ordered that the administrator proceed and sell, as required by law, so much of the property of said estate, as may be sufficient to meet the claims against the same. (Sig. of Judge.)

Here follows the appraisement of the lot on the San Pedro creek, at $25, filed Aug. 30, 1841. September Term, 1841, James McGloin adm'r. of the estate of E. Alexander dec'd., during vacation of this Court presented a petition praying for

the re-appointment of the appraisers formerly appointed to appraise the property of said estate ; that they might complete the valuation of the property as returned in the inventory, together with the order of the Judge of Probate granting the same, also returned bill of sale of a lot of ground on San Pedro creek, and the appraisement list of the balance of the property as inventoried, filed on the 13th of September inst.

Republic of Texas, County of Bexar : To the Probate Judge. The undersigned, administrator of the estate of E. Alexander dec'd., would respectfully represent that in his last inventory, which he returned to the Court, there was annexed a petition for the appointment of appraisers, and for an order of sale ; that the Court appointed appraisers, who proceeded upon the execution of their duty, but through an impression that there was but one piece of property for them to appraise, viz ; a lot of land on the San Pedro creek, in San Antonio, omitted to appraise a certificate for one league and one labor of land, being the headright claim of a Capt. Antonio Menchaca, and said deceased's headright claim for twelve hundred and eighty acres ; and your petitioner would therefore pray that the same appraisers may be instructed to complete the appraisement of the inventory, and that he be allowed to proceed in the sale of said property, until sufficient shall be disposed of to cancel the claims against the succession. And the said administrator would further state that on the 1st Tuesday of Sept. inst., the lawful, judicial sale day, he offered for sale the lot of land on San Pedro creek, in conformity with the order of the Court and the laws in such case made and provided, when Michel Calvo purchased the same for the sum of sixteen dollars and seventy-five cents, being more than two thirds of the appraised value, and makes this return accordingly. San Antonio, 7th Sept., 1841.           (Signed by the Adm'r.)

Probate Court, Bexar County, in vacation, 7th Sept. 1841. The appraisers heretofore appointed, as above stated, will appraise the balance of the property as referred to in the fore-

going petition, and the administrator will make his return accordingly.                              (Signature of Judge.)

The undersigned, in conformity with the instructions herein named, do appraise and value the property referred to as follows, viz: one league and labor of land located on the Tardillo, the headright of Antonio Menchaca, $90 00 ; twelve hundred and eighty acres, deceased's headright, deposited with the San Patricio Surveyor, $30 00.              (Sig. of appraisers.)

October Term, 1841, the title of the succession stated and entry of "continued." November Term, 1841, same entry. Then no entry occurs until March Term, 1843, as follows : Estate No. 52.   In this case appeared J. McGloin, adm'r. of the estate of E. Alexander deceased, and on motion of the ad-miristrator, it is ordered by the Court that Wm. B. Jaques, Wm. Elliot and James Goodman be appointed to appraise the property of the estate, returned in the last inventory filed, which is not yet sold, and that the appraisement of the same be returned in ten days.   It is further ordered in this case that the adm'r. as aforesaid, proceed and sell the same according to law.

Probate Court.   April Term, 1843.   The Hon. the Probate Court in and for the County of Bexar met at the residence of John W. Smith, Esq., in Commerce Street, San Antonio, on this, 24th day of April, 1843.   Present, John McMullen, acting Judge of Probates ; F. L. Paschal, Sheriff; Thos. H. O'S. Addicks, Clk.   The Court was opened by the Sheriff in ordinary form ; the journal of the proceedings of the Court at its last Term were read, and then the cases on the docket were taken up and disposed of as follows, to-wit : Estate No. 52. In this case it is ordered by the Court that the order of sale granted at the last Term of this Court be so understood that the adm'r. of the estate of E. Alexander, deceased, proceed and sell the property of said estate for cash, provided the same brings two-thirds of the appraised value.

May Term, 1843, "continued."   June Term, 1843, entry as

follows : The Hon. the Probate Court, in and of the county of Bexar, met at the residence of J. W. Smith, Esq., in San Antonio, on the last Monday, 26th, of June, A. D., 1843: present, John McMullen, acting Judge of Probates; Geo. T. Howard, Sheriff; Thos. H. O'S. Addicks, Clerk. The Court was opened in the ordinary form, and the cases on the docket were taken up and disposed of as follows, to-wit :

Estate No. 52. In this case appeared Jas. McGloin, Adm'r. of E. Alexander, dec'd., and returned appraisement and account of sale of the said succession, which is admitted by the Court.

On motion of the administrator aforesaid it is ordered by the Court that, whereas he, the said administrator, wishes to close the administration of said estate, that he give twenty days notice of his intention of presenting his account to this Court, of a final settlement for allowance, by posting up written notices in three of the most public places in the county.

Here followed the appraisement under the order of March Term, 1843, of the Menchaca league and labor and the Edwin Alexander twelve hundred and eighty acres—the former at $60, and the later at $20. Then account sales as follows :— " Sold the league and labor, $40 : twelve hundred and eighty acres sold, $25. San Antonio, June 26th, 1843," signed and sworn to by the administrator. Then followed :

Probate Court, July Term, 1843. The Probate Court, in and for the county of Bexar, met at the residence of John W. Smith, Esq., in the city of San Antonio, on the last Monday, 31st of July, A. D., 1843. Present, John McMullen, acting Judge of Probate, Geo. T. Howard, Sheriff, Thomas H. O'S. Addicks, Clerk. The Court was opened in the ordinary form ; the minutes of the proceedings of the Court at its last Term were read in open Court, and the causes on the docket were taken up and disposed of as follows, to-wit :

No. 52. Estate of Edwin Alexander, dec'd. In this case appears James McGloin, adm'r of said estate, and presents a final account of the settlement of said estate ; it being examined

and properly stated by the Court, it is ordered that the same be admitted and filed, and the administrator discharged upon paying costs.

NOTICE.—By virtue of an order of the Hon. the Probate Court of Bexar county, at June Term, 1843, the subscriber, adm'r of Edwin Alexander, dec'd, will present, as the law requires, to the July Term, 1843, of the Probate Court of Bexar county, his account as administrator, when all persons interested, having objections, may file the same as the law directs. San Antonio, June 28, 1843.

(Sig. of Adm'r.)   Filed in open Court this 31st day of July, 1843.

Final settlement of accounts of the estate of Edwin Alexander, deceased, with James McGloin, administrator :

| | | |
|---|---|---|
| By cash received of John N. Seguin, | - - | $40 00 |
| " sale of a league and labor of land, | - - | 40 00 |
| " " " 1280 acres, | - - - - - | 25 00 |
| | | $105 00 |

Dr. to James McGloin as per account rendered
| | | |
|---|---|---|
| 7th January, 1841, | - - - - - | $85 60 |
| Disbursements on $105 at 10 per cent. | - - | 13 00 |
| Costs of Court, | - - - - - - | 31 00 |
| | | $130 30 |
| | | 105 00 |
| | | $25 00 |

San Antonio, July 31st, 1843.           (Sig. of adm'r.)
(Sworn, filed and recorded.)

The next entry was as follows :

Probate Court, March Term, 1844.   San Antonio, March 25th, A. D., 1844.   No. 52.   Estate of E. Alexander, dec'd. Set at the foot of the docket.

The causes set at the foot of the docket were then taken up.

No. 52. Estate of E. Alexander, dec'd. In this cause was presented a petition of the administrator of said estate, praying the Court to grant a decree, authorizing James McGloin, administrator as aforesaid, to sell property as set forth in said petition ; whereon it is ordered and decreed that James McGloin, administrator of said estate, be authorized to make the sale of the property of said estate according to law and the prayer of his petition.

Republic of Texas, county of Bexar. To the Hon. David Morgan, Judge of Probates, for the county of Bexar. Your petitioner, Jas McGloin, would respectfully represent to your Honor that, owing to confinement on his part, a portion of the assets of Samuel Blair and Edwin Alexander, both of the county aforesaid, were not duly sold at the regular sale of the assets of said estate on the 7th July, 1840, he being the legal administrator of said estate, as will appear by reference to said letters of administration ; he therefore prays your Honor to decree that he be authorized to sell said property on giving the notice prescribed by law, and complying with the law in all respects, inasmuch as he is a principal creditor, and will be greatly damaged if said assets are not sold according to law, and will ever pray, &c. San Antonio, March 12th, 1844.— Filed this 25th day of March. A. D., 1844, in open Court.

(Sig. of Clerk.)

Probate Court, July Term, A. D., 1844. Court met this 31st day of July, A. D., 1844, pursuant to adjournment. No. 52. Estate of E. Alexander, deceased. Appeared James McGloin adm'r, and made return of appointment of appraisers, appraisement and account of sales of the estate of said deceased ; on motion of the administrator aforesaid, it is ordered that the same be allowed and filed.

Then followed an order issued to the appraisers to appraise such property as may be described, &c. ; oath of appraisers ; appraisement as follows :

Republic of Texas, county of Bexar. We, the subscribers,

being duly appointed by the Hon. David Morgan, Chief Jus
tice of Bexar county, to appraise the within described property
have valued it at the following prices, to-wit: five leagues
and five labors of land at one hundred and seventy-five dol-
lars for each league and labor ; one-third of a league of land
at seventy-five dollars ; and the half of one-third of a league
at forty dollars ; the undivided half of two leagues and two
labors of land, and one-half of one-third of a league of land,
the certificates for which were not passed by the Board of
Land Commissioners, we value at nothing.   Given under our
hands this 2nd day of July, 1844.

(Signed, &c.)

Advertisement of the sale as follows :

Administrator's Sale.  By virtue of an order of the Hon.
the Probate Court, April Term, 1844, I will expose to public
sale at the Court-house door in the city of San Antonio,
within the lawful hours, on the first Tuesday in July next, for
cash, the following property, belonging to Edwin Alexander,
dec'd, viz : the transferred headrights of five leagues and five
labors of land, one-third of a league, and one-half of one-third
of a league of land, located in the county of San Patricio ; to-
gether with the undivided half of two leagues and two labors
of land, and one half of one-third of a league, the certificates
to which were passed to Steel and Colqhoun by the Board of
Land Commissioners of Bexar county-  San Antonio, Bexar
county, 6th June, 1844.

(Adm'rs. signature.)

Account of sales of the estate of E. Alexander, late of the
county of Bexar, deceased, as made by the undersigned admin-
istrator of said estate on the first Tuesday of this present month
of July, in accordance with an order, granted by the Hon.
Probate Court of said county at its March Term last past, to
wit :

1st.  One league and labor of land, obtained under certifi-
cate No. 340, granted by the Board of Land Commissioners of

said county to John McMullen, assignee of Canuto Dias, sold
to S. A. Maverick,   -   -   .   -   -   $185 00

2nd. One league and labor of land, obtained
under Certificate No. 558, granted by the Board
aforesaid to John McMullen, assignee of M. Rod-
riguez, sold to Wm. Elliott,   -   -   -   190 00

3rd. One league and labor of land, obtained
under Certificate No. 322, granted by the said
Board to John McMullen, assignee of Guadalupe
Guerrera, sold to S. A. Maverick,   -   -   116 00

4th. One league and labor of land, obtained
under Certificate No. 321, granted by the aforesaid
Board to John McMullen, assignee of Guadalupe
Brabo, sold to Wm. G. Cooke,   -   -   135 00

5th. One league and labor of land, obtained
under Certificate No. 339, granted by the Board
aforesaid to John McMullen, assignee of M. F. Her-
nandez, sold to Wm. G. Cooke,   -   -   125 00

6th. One-third of a league of land, obtained
under Certificate No. 223, granted by the Board
aforesaid to John McMullen, assignee of Victor
Herrera sold to S. A. Maverick,   -   -   86 00

7th. One-half of one third of a league, obtained
under Certificate No. 640, granted by the said Board
to Julian Damian, sold to Wm. G. Cooke   -   25 00

8th. Interest of two leagues and two labors and
one-half of a third of a league sold to William G.
Cooke, -   -   -   -   -   -   25 00

—————<br>$887 00

September Term, 1844, the Court met at the Court-house.
This case for final settlement; continued. October Term,
entry as follows: No. 52, estate of Edwin Alexander, de-
ceased. In this cause appears J. McGloin, administrator of
said estate, and presented an account of final settlement of

said succession ; it having been examined and properly stated by the Hon. Judge, the same was allowed and ordered to be admitted to record, and that the administrator be discharged upon paying costs.

Final settlement of accounts of the estate of Edwin Alexander, deceased, with James McGloin, administrator, July 2nd, 1844.   Cash received on the sale of a league of land as per account of sales,          -          -          .          -          $16 00

| | |
|---|---|
| Balance due on the estate as per account rendered 30th July, 1843, to James McGloin,   -          - | 25 30 |
| Disbursement of $16 67 at ten per cent.   - | 1 62½ |
| Costs of Probate Court,   -          -          - | 15 17 |
| | $42 09½ |
| Balance due by estate 26th August, 1844,   - | 16 00 |
| | $26 09½ |

(Signature of administrator.)

Then followed accounts and receipts for fees, but no further order.

The transcript was certified to be a correct transcript from the minutes of the Probate Court, and a copy of the papers on file.   There was no order continuing the term of administration beyond a year.

The defendant then gave in evidence a deed from said administrator to him, dated the 7th of June, 1843, for the league .and labor of land granted to Edwin Alexander, assignee of Antonio Menchaca.   The deed recited as authority therefor, the orders of March and April Terms, 1843, " made on motion of said administrator ;" recited the appraisement ; notices of sale to take place on 6th June ; sale on said day, being the .first Tuesday in the month, at the Court-house door, within

lawful hours, to Samuel A. Maverick for forty dollars, being just two-thirds of its appraised value, etc.

The defendant then gave in evidence a deed from same to him, of all the right, title and interest of said Alexander, to the headright certificate of Guadalupe Guerrera, for one league and labor ; the headright certificate of Canuto Dias for one league and labor ; and the headright certificate of Victor Herrera for one-third of a league, dated August 2nd, 1844. The deed recited an order of Court to sell obtained at April Term, and the sale at proper time and place, after due notice, to the grantee of the Guerrera certificate for $116, of the Dias certificate for $185, of the Herrera certificate for $86, "over two-thirds of their appraised value." It should be stated in explanation of the order of April Term, 1844, that the lands referred to had been sold in 1840, and the estate credited with the proceeds ; the defendant was a purchaser at said sale ; but it seemed to have been abandoned for informality.

The lands covered by the certificates described in said deeds to the defendant, are the lands in controversy in this suit. The Court gave judgment for the defendant, and the plaintiffs appealed.

*J. A. & R. Green*, for appellants. There are many objections made to the sale of 1843 in the petition, but we will confine them to one point ; that the Court had no jurisdiction to make the order. Where a Court has no jurisdiction to make an order, it is universally admitted to be null and void. The order was made on a verbal motion of the administrator. The Statute requires a written petition as a perquisite to jurisdiction. It has been so adjudged in Lynch v. Baxter, 4 Tex. R. 431, in Finch v. Edmonson, 9 Tex. R. 504, in Miller v. Miller, 10 Tex. R. 319, and in Howard v. Bennett, 13 Tex. R. 309, in 6 S. & M. 259, 3 Barb. R. 341.

If the petition filed in 1841 shall be considered as before the Court in its order of 1843, yet at time (March Term) it was

not lawful to sell on petition of administrator, and an order granted on such petition is null and void. (Miller v. Miller, 10 Tex. R. 319.) In that case the principle is fully argued in the separate opinion of Justice Lipscomb, and the position assumed by him is fully sustained by the authorities.

We find in Langlan v. Thompson, 6 Sm. & M. 259, citing authorities, the principle is settled that the records of the Probate Court must show affirmatively that every pre-requisite to the order of the sale, required by Statute, must be complied with before the Court will acquire jurisdiction. In Corwin v. Murritt, 3 Barb. R. 341, it is stated, that those claiming under a decree of the Surrogate, must show affirmatively that he had authority to make the decree; that filing a petition and the account required by Statute was necessary to give jurisdiction; that presumptions cannot be admitted to establish such a vital jurisdictional fact. A great many cases are cited by the Court in that case, which show that the Court is following the authorities in its decision. (3 Barb. 341.)

II. The sale of 1844, at which the defendant Maverick claims the remaining 2½ leagues claimed by him was under an order made after the succession was closed, and by McGloin long after he ceased to be administrator. The Court clearly had no jurisdiction as is established clearly by the case of Fisk v. Norvell, 9 Tex. R. 13, and is the identical character of sale which is declared null and void in Hurt v. Horton, 12 Tex. R. 285. It is impossible to distinguish this case from that, to the advantage of the sale claimed under by the defendant. After the heir had been cited, and the estate closed, administration was again granted (in the case of Hurt v. Horton) and a sale made. In this case administration was not even re-opened. If it had been, the publication of the notice of application might possibly have notified the heirs. We do not ask that the cause shall be decided upon any new principles, but upon the principles embodied in our own reports—those of Poor v. Boyce, Dancy v. Stricklinge, and Burditt v. Silsbee, inclusive.

It is admitted in each of these cases, that if the Court had not jurisdiction, its order would have been void.

At the same Term at which Poor v. Boyce was decided, the Opinion of Hurt v. Horton was delivered without dissent, in which the objection urged was that the estate had been closed before the order was made. Other minor points were made, but each of them exists also in case, and the Court there unhesitatingly declare the sale a nullity, which could " afford no protection and confer no right," and that want of authority in " the Court and administrator was too glaring to permit the mind to hesitate in pronouncing it null and void." (12 Tex. R. 289, 288.)

If any distinction whatever can be drawn between the case in controversy and that of Hurt v. Horton, or any inconsistency between that and subsequent decisions, we' are utterly unable to conceive what it will be. (The remainder of the brief related to the equities between the parties, and is not now important.—REPS.)

*I. A. & G. W. Paschal*, for appellee.

WHEELER, J. It is insisted on behalf of the appellant, that the title of the defendant, which he seeks to have set aside and annulled, is void for want of jurisdiction in the Probate Court of Bexar county to order the sale.

To the order of sale of the March and April Terms, 1843, it is objected, that it was made on motion of the administrator, and not upon petition of any creditor, heir, legatee, or next friend of a ward, as provided in the Act of the 25th of February, 1843. (Hart. Dig. Art. 1067.) To the order of the March Term of the Court 1844, it is objected, that it was made after the administration had been closed, and the functions and powers of the administrator had ceased.

The Statute of 1843 does not prohibit the Probate Court

from ordering a sale of the property of the estate, on the petition, or application of the administrator. It only provides that he shall not be required to sell the property of the estate, or to render and settle his account, except upon application of a creditor, or some one of the persons mentioned in the Act. (Hart. Dig. Art. 1067.) The language of the Statute does not import an inhibition on the power of the Probate Court to order a sale, except upon such application. Nor could it have been intended, or contemplated, that the succession should be kept open indefinitely; and the administrator not be at liberty to obtain the necessary order for the sale of the property, or have settlement of his accounts, and finally close his administration, unless some of the persons mentioned in the Statute should see proper to make application to the Court for that purpose. No such consequence could have been intended; or could have entered the legislative mind in enacting this Statute. It was simply intended to remove the requisition upon the administrator, imposed by the Act of the 5th of February, 1840, by which it was made his duty to petition the Court for the sale of all the property of the estate, in a certain event, within a precribed period. (Hart. Dig. Art. 1023.) Under the Act of 1843, he was not required to petition the Court for a sale of property, as under the former Statute; but there was nothing to prevent him from applying for and obtaining an order for that purpose, when necessary for the payment of debts, or the settlement of the estate. This question was not necessarily involved in the decision of the case in Miller v. Miller, (10 Tex. R. 319,) on which counsel for the appellant rely, and was not decided by the Court in that case.

Nor did the Statute of 1843 require that the application to the Court for the sale of property should be by petition in writing. And the case, therefore, is not within the principle of the decision in Finch v. Edmonson, 9 Tex. R. 504. It has been assumed, generally, that a petition was necessary to give jurisdiction to the Probate Court to order a sale of the prop-

erty of deceased persons ; or to call into exercise the jurisdiction of the Court over that subject matter.  But the question has not  been necessarily involved in the decision of any case ; and has not been  authoritatively decided.  The case of Finch v. Edmonson was determined upon the particular provisions of the Act of 1846, and the sale was adjudged void on account of fraud, which is always a sufficient ground for  setting  aside sales, and annulling  the  most solemn act and  judgments of Courts, whether  of limited  or general jurisdiction.

In the case of Tucker v. Harris, (13 Geo. R. 1,) the Supreme Court of Georgia held their Courts of Ordinary—constituted as our Courts of Probate are—Courts of  general jurisdiction over testate and intestate estates ; that their  judgments relative to that subject matter, stand upon the same footing as the judgments of any other Court of general  jurisdiction.  " The " jurisdiction being established," the Court says, " all presump- " tions must be made in favor of  what  does not appear.  The " Court having  the  right to decide upon the application ; the " purchaser is  not  bound  to  go  behind  the  judgment of  the " Court."

The Court  quote and  approve the  case of Duval's heirs v. McLoskey, (1 Ala. R. N. S. 708,) where, under  a Statute of the State of Alabama, which required that the executor or administrator shall  " file "  a petition in open Court, prescribing what  it shall  contain, as the initiatory step  towards obtaining an order for the sale of the real estate of  the testator or intestate,  the Supreme Court of  that State held, that  the  order of sale could  not  be  considered invalid, because the  record did not show affirmatively that the petition was filed.  As the Court went on  to  render  its decree, the  Court held, it  could not be intended, from the absence of such a paper merely, that it was never filed ;  but  the  intendment most rational,  would be that it was lost after  the rendition of the order.

The  Court  also  cite  the  case of  Thompson  v.  Tolmie, (2 Peters' R.  165,) where the order  of sale  was under a Statute

which provided, that if all the parties were minors at the death of the intestate, the estate should not be sold till the oldest arrived of age ; and the Supreme Court held, in effect, that in order to give the Court jurisdiction to order the sale, it was not necessary that it should appear affirmatively that one of the heirs had arrived of age ; but sustained the jurisdiction because the contrary did not appear by the record.   The Court said : " It is to be borne in mind that no such fact appears on " the face of the proceedings."   *   *   " And how can we say " but that the Court had satisfactory evidence before it, that " one of the heirs was of age ?"

Judge Lumpkin also cites the case of Kennedy v. Nachsmith, which, he says, was decided in the Supreme Court at Philadelphia, and makes the following quotation and observation upon the case : " The Court say ' Beyond the decree, the purchaser " is not bound to look.   The inquiries upon ejectment are: " was there an administrator and order to sell, such as would " authorize the administrator to make sale ? was the sale fair ?' " If so the settled rule is, *de fide et officio judicis, non recipitur* " *questio*.   And it is asserted that no sale in that State ever " has been declared void in ejectment, against a purchaser *bona* " *fide*, for any alleged irregularity in the Orphans' Court ; or " because the decree of the Court was founded on mistake."

The Georgia Court hold that the jurisdiction of the Orphans' Court existed potentially from the death of the testator or intestate ; and they quote, upon this subject, the language of the Supreme Court of Pennsylvania, in the case of McPherson v. Cunliff, (11 Serg. & Rawle, cited by us in Burdett v. Silsbee, 15 Tex. R. 617,) as follows : " The matter which gives " the Orphans' Court jurisdiction, is the death of the owner in- " testate ; for if administration were taken out on the effects of " a living man, or of one who died testate, the administration " itself would be void, and there could be no administrator to " act—no party before the Court ; consequetly all the pro- " ceedings would be null.   Where an executor obtains pay-

"ment on a probate of a void will, without suit, it cannot be "impeached, notwithstanding the probate was afterwards de- "clared null—it being proved on the faith of the act of a judi- "cial tribunal having competent jurisdiction. (Toll. Ex. 51.) "The distinction in this respect is this : a probate of the will "of a living person, or a letter of administration on his effects, "where the person is dead, but left a will, is void, *ipso facto*, "because there is no jurisdiction ; but where the person is dead "intestate, the Orphans' Court have power over his estate ; and "any one acting on the faith of their judicial acts will be pro- "tected." This, it will be seen, is in occordance with the opinion held by us in the case of Poor v. Boyce. (12 Tex. R. 440.)

It does not affirmatively appear by the record in this case, that the application was not made by a petition in writing. But if it did so appear, I apprehend it could not, on prin- ciple, be held to defeat the Probate Court of its jurisdiction to order the sale on the application of an administrator ; nor could the purchaser be affected by the irregularity, if such it was, in making the order. He was not required to look be- yond the judgment of a Court of competent jurisdiction.

As respects the order of 1844, though there does appear an entry in the minutes of a Court, of a former Term, that the admin- istrator's final account be admitted and filed, and "he discharged "upon paying costs ;" it is not an absolute and final settle- ment and discharge. The case, described by its title, thus : "No. 52, Estate of E. Alexander, deceased," was continued upon the docket of the Probate Court : the authority of the administrator continued to be recognized by the Court, until after the order, and report, and approval of the sale of 1844, and his final account of his administration thereafter rendered ; and he was finally discharged upon paying costs ; with which last order he complied. Notwithstanding the previous entry in the minutes, it was disregarded, and he went on to adminis- ter, and to close the administration, with the sanction of the

Alexander v. Maverick.

Probate Court as though it had not been made. It was disregarded by all parties; and it cannot be now invoked to annul the subsequent orders of the Court, and his acts thereafter done, in the due course of administration, and thereby defeat the title of a *bona fide* purchaser.

The present is a very different case from that of Hurt v. Horton. (12 Tex. R. 285.) There the property was legally sold, and the administration finally closed and settled. Nearly two years after the final settlement and discharge of the administrator, he again applied for and obtained a grant of administration on the estate, without showing any necessity for a renewal of his administration; and proceeded again to sell the same property to another purchaser. The first purchaser protested, but the Court proceeded, notwithstanding, to confirm the sale to the second purchaser. It was held, and rightly, that the estate having been fully administered, and closed, a second administration upon the same estate, and the same property, which had already been administered upon, was a nullity, and the second sale void. The present is a very different case. The estate was not fully administered, nor the administrator absolutely and finally discharged by the Court; but on the contrary he continued to act as administrator and the Court recognized and approved his acts as such. And upon the repeated decisions of this Court, it must be held, that, the order of sale and sale were effectual to pass the title to the purchaser. There is therefore no error in the judgment and it is affirmed.

Judgment affirmed.