H. P. DAVIS AND ANOTHER v. E. G. WELLS, GUARDIAN.

1. An administrator of an estate inventoried separate property of the intestate as community property of the deceased and his surviving wife, and in the partition of the estate between the wife and children of the intestate, this separate property was allotted to the wife, who sold it to appellants, before it was known to any of the parties that it belonged to the separate estate of the intestate. After the death of the widow of the intestate, the guardian of the minor children instituted suit for the land, alleging that it was a part of the separate estate of the intestate, and on his death descended to his children as his heirs, and therefore the partition setting it aside to the widow, and the order of the probate court approving of the same, were nullities. *Held*, that the order of a probate court in partitioning an estate cannot be called in question in a collateral proceeding; and its judgments are conclusive against all par-

ties properly before the court, until set aside by the court rendering the same, or reversed by an appellate court.

2. The heirs of an intestate brought suit to recover certain property which they claimed was the separate property of their deceased father, but which was inventoried by the administrator of the estate of their deceased father, as the community property of the deceased and his wife, and on a partition of the estate, it was allotted to the widow of the deceased, who sold it to the defendants in the suit. Defendants pleaded the order of the probate court confirming the partition, in bar of the plaintiffs' action. Plaintiffs replied that they were never properly before the probate court, and therefore were not affected by its order. *Held*, that if the plaintiffs' plea was true, their remedy was by motion to the probate court, to set aside the partition, and if it refused to do so, they then had a direct remedy by appeal.

3. When the record of the probate court proceedings in a case of partition, fails to show that a guardian *ad litem* was appointed to represent minor heirs in the partition of an estate, the judgment confirming the partition is not thereby rendered void, but at most only voidable ; and when the question is raised in a collateral proceeding, the presumption will be that the judgment was rendered in full compliance with the law, and consequently that a guardian *ad litem* was appointed.

APPEAL from Lamar. Tried below before the Hon. R. H. Taylor.

The facts of the case are sufficiently stated in the head-notes and opinion of the court.

*V. W. Hale*, for the appellants.

*W. B. Wright*, and *T. W. Miner*, for appellees

OGDEN, J. This is an action between the heirs of John McDonna, deceased, and the vendees of the widow of John McDonna, for certain lands, the separate property of the said John McDonna, during his life, and at the time of his death, but which was inventoried and administered upon as the community property of Dr. McDonna and wife. The estate of Dr. John McDonna was settled up, and partitioned among the widow and minor heirs, and the particular land now the subject of controversy was, by a decree of the court, partitioned,

as a portion of the community estate, to Mrs. Mary A. Mc-Donna, the surviving wife of the deceased John McDonna, who subsequently, in 1864, conveyed the same to Hannah P. Davis, one of the appellants. In 1869, Mrs. Mary A. Mc-Donna having died, the guardian of the minor heirs of John McDonna, deceased, brought this suit against Mrs. Davis and her husband, for the land.

Upon the trial a jury was waived and the cause submitted to the court upon an agreed statement of facts. It was agreed that in fact the property in controversy, though partitioned as community property of John McDonna and his surviving wife, the same having been purchased during their marriage, was the separate property of McDonna. But this fact appears to have been unknown to all the parties until after the partition and sale to appellants, for the sum of four thousand dollars paid. Under these facts appellants claim to be innocent purchasers for a valuable consideration paid without notice; that the inventory of the estate, the order of the court for the partition, together with the subsequent proceedings in relation to the same, as well as the decree of the court confirming the partition, all show that the land purchased by them was community property, and as such was set apart as the property of Mrs. Mary A. McDonna.

The appellees, however, claim that they were all minors at the date of the partition, and that, though Mary McDonna was their guardian under bond, yet she was interested in the estate of their deceased father; and that the law provides, under such circumstances, upon the partition of the estate, a guardian *ad litem* shall be appointed to represent the interests of the minors, and as the record of the probate court fails to show that such guardian was appointed, the partition was null and void, and that they should not be bound thereby. The court below took the case upon the agreed facts and argument of counsel, and in an elaborate written opinion decided that the fact that the property was inventoried and partitioned as community property does not conclude or estop the heirs in

this cause; and further, that as the record fails to show that a guardian *ad litem* was appointed to represent the heirs, the judgment of the probate court as to them is invalid, and may be attacked collaterally. It is therefore ordered, adjudged, and decreed, that the plaintiffs recover the land in dispute, and two thousand dollars damages, etc.

Without discussing at length the questions here decided, it may be proper to remark, it is an elementary principle of law that all orders, judgments, or decrees of courts of competent jurisdiction, when made under the forms of law, are binding upon and conclude all parties and their privies, until the same are reversed or set aside in compliance with established rules of law; and that every possible presumption will be indulged in order to sustain the judgments of courts, when no fraud or mistake has rendered the same absolutely a nullity. An error in rendering judgment for or against a party over whom the court has jurisdiction, or in partitioning an estate among several, as a general rule, cannot legally be called in question by another court of equal or superior jurisdiction, in any collateral matter or proceeding. And we think the court in this case erred in deciding that the judgment of the probate court, in the partition of the estate of Dr. McDonna, was not conclusive as against all parties properly before the court, until that judgment should be legally set aside or reversed by a motion for that purpose, in the court where rendered, or by a superior court upon an appeal.

But the decision of the court below is founded upon the hypothesis that, at the time of the partition of the estate of Dr. McDonna, deceased, the appellees were not properly or legally before the court, because the court had failed to appoint for them a guardian *ad litem*, and that therefore they were not bound by the judgment. If this hypothesis were true, then they might have had a sufficient cause, upon motion, to have had the partition set aside by the probate court; or if that court upon motion had failed or refused to set aside the partition, they had their remedy in a direct proceeding by an appeal.

But we are not satisfied from the facts of this case as agreed to, that the probate court had not complete jurisdiction, not only of the estate of their ancestor, but also of themselves. Their mother was their duly appointed and bonded guardian, and she, as their guardian, was undoubtedly before the court and acquiesced in the decree. It is contended by counsel that Mrs. Mary A. McDonna was not an heir of Dr. McDonna, deceased, and was not interested in his estate, as she only claimed her community rights and interests, while her children claimed the entire estate of their deceased father; she was not, therefore, disqualified from representing the minors in the partition. We, however, do not think it necessary to decide that question, as others must determine the rights of the parties in this case.

But every legitimate and proper presumption should be indulged in, to sustain the regularity and legality of the judgments and orders of all courts, and we think it might not be considered a violent presumption in this case, when the court had jurisdiction of the subject matter and the parties at interest, to presume, where the record shows nothing to the contrary, that its orders and judgments were in full compliance with the law, especially when the question is raised in a collateral proceeding. The record fails to show affirmatively that a guardian *ad litem* was appointed to represent the minors in the partition, and it also fails to show directly or by implication that the law was not fully complied with; and we think the presumptions in favor of the regularity of the proceedings should settle the question: (Lawler *v.* White, 27 Texas, 25 ; Alexander *v.* Maverick, 18 Texas, 179.) Certainly the judgment of the court is not void, because it does not show affirmatively that service of citation was had, nor because a petition for sale or partition was not filed, nor because a guardian *ad litem* was not appointed. (Alexander *v.* Maverick.) These defects in the record could render the judgment at the farthest only voidable, and not void, as held by the court below. But the question which must settle this case has no relation to the

regularity or irregularity of the action of the probate court, which ordered and confirmed the partition of the estate of Dr. McDonna.

The appellants claim to be innocent purchasers without notice; that they paid their money for a good title, and had no notice, either actual or constructive, of any defects in the title of their vendor; and therefore, upon the most obvious principles of equity, they have a right to demand the protection of the courts. The probate court is a court of general jurisdiction in all matters pertaining to estates of deceased persons, and a purchaser under a decree of that court is not compelled to go behind the action in that court, in the investigation of title to land, in order to constitute him an innocent purchaser of the title in that estate. But in this case, had the appellants pursued their investigation to any extent, they would have found nothing to contradict the proceedings and decrees of the probate court, showing that the land in controversy was community property. The deed to the same may have been taken in the individual name of Dr. John McDonna, but the purchase was made during the continuance of the marital relations of himself and wife, which raises a strong presumption that it was community property: and we think there was no sufficient evidence of any irregularity in the partition to vitiate the title in appellants' vendor. Their purchase was in all things regular; the purchase-money was all paid, and they went into possession; and we have no hesitancy in deciding that they cannot now be disturbed by the heirs of John Mc-Donna, and we think we are fully sustained in this opinion by the decisions of Poor v. Boyce, 12 Texas, 440; Burdett v. Silsbee, 15 Texas, 615; and Alexander v. Maverick, and the authorities there cited. The judgment of the District Court is therefore reversed, and a judgment rendered here in accordance with this opinion.

Reversed and rendered.