MACK MILLER v. THE STATE.

HABEAS CORPUS, PRACTICE.    On appeal in Habeas Corpus cases, the record
    should contain testimony as to the pecuniary circumstances of the ac-
    cused, so as to enable the court to act advisedly in fixing the amount of
    bail, if granted.

APPEAL from Lamar.    Order refusing bail made by Hon. J. C. Easton.

The testimony is voluminous, and its insertion would be necessary to show the grounds of the action of the court in admitting to bail, if attempted to be given.

MOORE, J.    If it can be said that it is certainly shown by the evidence in the present record, that the homicide for which

Miller and Province are indicted, was committed by either one of them, it unquestionably cannot be maintained that the proof is evident that the appellant Miller is guilty of a capital offense. And therefore it must be held that he is bailable upon sufficient sureties.

It is not usual in cases of this character to comment upon the facts for the purpose of vindicating the correctness of the conclusions reached by the court in granting or refusing bail, lest their discussion might in some degree tend to an improper. influence in their ultimate determination by the jury on the final trial in the court below. We do not intend doing so in this case, and would not have done more than announce our conclusion, but for the necessity of calling attention to a matter of embarrassment, which is of such frequent occurrence with us in cases of this character.

When bail has been refused by the court below, if in our opinion it should be granted, it becomes our duty to fix its amount. But when, as is the case in most records of this kind which come before us, there is nothing to inform us as to the capacity and ability of the applicant or his friends to give bail, we are evidently without a guide by which to determine its proper amount, and may, in reference to the particular case under consideration, fix it at an amount altogether inadequate to secure the presence of the accused to answer the charge against him; or, on the other hand, in effect refuse bail, by fixing it at a sum manifestly beyond the applicant's ability to give it. To avoid results of this kind, the record should furnish us with such information as an examining court would require before fixing the amount, if bail is granted.

The only thing we find in this case, to which we can possibly look, by way of suggestion, as to the amount of bail, is the amount fixed for the bail of the other defendant in the indictment, and of which, as he does not join in the appeal, there seems to have been no complaint. And we have, therefore, for want of any better guide upon the subject, determined to allow the appellant bail in a like sum.

For the error in the court in refusing to admit appellant to bail upon sufficient sureties, the judgment is reversed. And it is ordered that he be admitted to bail in the sum of seven thousand five hundred dollars, etc.