## Ex Parte Walker and Black.

1. HABEAS CORPUS FOR BAIL.—The venue of a murder case was changed from G. to C. County, and there the cause was twice continued on the application of the state; whereupon the defendants, having never asked a continuance, applied by *habeas corpus* to the District Court of C. County for the privilege of bail, relying on article 524 of the Code of Criminal Procedure.  *Held*, that the District Court of C. County, to which the

venue was changed, thereby obtained plenary jurisdiction of the entire case, and had authority to entertain the application for bail. *Held, further,* that *habeas corpus* was a proper mode of making the application, though in such a state of case a motion in the court below would suffice.

2. SAME.—No formal demand for a trial by the defendants was requisite to entitle them to apply for the privilege of bail; and, notwithstanding the continuance of the cause, they were authorized to make their application at the same term of the court whereat the second continuance was granted to the state.

3. SAME—RIGHT OF APPEAL.—The judgment of a District Court refusing bail has always been held the subject of appeal.

4. SAME—EVIDENCE.—In a case of this character the record should bring up evidence of the ability of the applicant to give or procure bail, so as to enable this court, if bail be allowed, to determine the proper amount.

APPEAL from the District Court of Chambers. Tried below before the Hon. H. C. PEDIGO.

The opinion discloses the case.

*Willie & Cleveland,* for the appellants.

*George McCormick,* Assistant Attorney General, and *M. C. McLemore,* for the State, moved to dismiss the appeal.

WHITE, J. This is an appeal from a judgment of the District Court of Chambers County refusing bail to relators, they having made application for the same under provisions of article 524 of the Code of Criminal Procedure (Pasc. Dig., art. 2992), which is in these words: "If a defendant in a capital case demand a trial, and it appear that more than one continuance has been granted to the state, and that the defendant has not applied for a continuance, he shall be entitled to be admitted to bail, and unless it appear from the written statement of the district attorney, or by the oath of some credible person, that a material witness of the state had been prevented from attendance by the procurement of the defendant or some person acting in his behalf."

The facts, as gathered from the pleadings and evidence in the record, are in substance these : Applicants were indicted in the District Court of Galveston County, for the murder of one Green W. Butler, alleged to have been committed on the 19th day of May, 1872. The parties have been twice tried in Galveston County, and upon appeal the two judgments of conviction were reversed. See 37 Texas, 366, and 42 Texas, 360. The venue of the case was changed to the county of Chambers, where, at the August term, 1875, a severance was asked for and obtained, and the defendant Black was tried and convicted. From this conviction he appealed, and the judgment was reversed by this court at its Tyler term, 1876. See 1 Texas Ct. App. 368. The evidence shows that defendants have never applied for or continued the case against them ; that at the September term, 1877, of the District Court of Chambers County the cause was continued upon application of the state ; and that at the March term, 1878, of said court the case was again continued, over objections of defendants, on the application of the state. Defendants then applied by means of this writ of *habeas corpus* for bail, under the terms of the statute above quoted ; which was refused by the court, and hence this appeal.

The state, by her counsel, has filed a motion here to have the appeal dismissed. The prominent points presented in the motion, and urged and insisted upon in the able and ingenious oral argument of counsel, so far as we propose to notice them, in substance are :  .

" 1. That the District Court of Chambers County had no authority to grant the writ, because applicants were in open court and subject to its orders and directions with respect to the subject of bail, under article 2992.

" 2. That the District Court of Chambers County was not the proper tribunal to which the application should have been made, because the indictment had been found in

Galveston County, and the law expressly provides that, 'after indictment found, the writ *(habeas corpus)* must be made returnable in the county where the offense has been committed on account of which the applicant stands indicted.' Pasc. Dig., art. 2591.

" 3. That the order of the court refusing bail was an order made during the progress of a trial, and not such a judgment as is made the subject-matter of appeal by law.

" 4. That but one continuance had been granted the state prior to the March term, 1878 ; and that, when the second continuance was at that term granted, the case was disposed of for that term, and defendants could not at that term, after it was so disposed of, 'demand a trial ;' that their application for bail was premature, and could only be legally presented, heard, and determined at the next succeeding term, when the case should be regularly reached and called for trial ; and that until then they were not entitled, and were in no attitude or condition properly to demand a trial."

1. Article 2992, above set out, does not prescribe what course of procedure shall be observed in presenting to the court the question of the right of the defendant to bail. Doubtless the matter might, if so desired, be raised by motion simply. Still, in the absence of any restrictive limit upon the remedy, we can see no reason why, if the party prefers it, the writ of *habeas corpus* could and should not be made available for the purpose. If the fact that a party is in open court, and subject to its orders, is to deprive him of his right to the writ, a court, when in session, might avoid the issuance of a writ in any case by simply having a party brought before it immediately upon the presentation of his application, and then decline it because he was in open court and subject to its order. The rules to be found in that chapter of the Code of Criminal Procedure which relates to the writ of *habeas corpus* are made to apply

" to all cases of *habeas corpus* for the enlargement of persons illegally held in custody, or in any manner restrained of their personal liberty, for the admission of prisoners to bail," etc. Pasc. Dig., art. 2648. And, again, " the writ of *habeas corpus* is the remedy to be used when any person is restrained of his liberty." Pasc. Dig., art. 2584.

2. With regard to the second proposition, the position is not well taken. The venue of the case, as appears, was changed from Galveston to Chambers County. This carried the entire case, and transferred the entire control and jurisdiction over it, to the court of the latter county, and it stood in that county, for all purposes, as though the indictment had been found there instead of in the county of Galveston. If the parties were illegally restrained of their liberty at all, it was by the sheriff of Chambers County, who had them in custody, and whose duty it would be " immediately to obey the same and make the return required by law." Art. 2613.

3. The third point is untenable. The object of the application for the writ, and the purposes for which it was granted, were to ascertain if the applicants, who were charged with murder, were entitled to bail under article 2992. The court, by its judgment, refused them bail, and the judgment of a court refusing bail upon a proceeding under *habeas corpus* has always been held a subject of appeal.

4. Great stress was laid upon the position assumed in the fourth proposition, to the effect that in law but one continuance had been had by the state, of which applicants could avail themselves, and that, the case having been disposed of by the second continuance for the term, they could not be heard to complain of it until the next succeeding term, when the case was in such a situation as that a trial could be demanded.

We cannot agree to this view of the case, though the argument in favor of it impressed us with its ability as much

as its ingenuity. During all the vicissitudes through which
for nearly six years the case has passed, defendants have
never once applied for a continuance; so far as the record
shows, they have always been ready. Their presence in
court to answer to the call of the case whenever it has been
called, and never seeking delay, was and should be consid-
ered as equivalent to an immediate, present, and pressing
demand for trial. No formal demand was necessary. They
were there to answer the charge of the state against them;
the Constitution and laws guarantied that they should have
a speedy trial; but the state, fully apprised by her own
laws of the consequences, continued the case a second time.
Now, shall these defendants be required to lie six months
longer in jail, provided it is in their power to give bail,
solely in order that they may make a formal demand for
trial when the case is again called; or shall we construe the
statute, which in our opinion is plain and unambiguous,
according to our views of justice and right, and say that
their right to be admitted to bail, under the law, attached the
very moment the state of case was reached as contemplated
by the statute, to wit, two continuances by the state and
none for the defendant?

We are clearly of opinion from the record before us that
the applicants, A. J. Walker and Jeff Black, are entitled
to bail, and that in refusing them bail the District Court of
Chambers County committed an error for which its judg-
ment must be reversed. Then, "when," as was said by
our Supreme Court in *Miller* v. *The State*, "bail has been
refused by the court below, if in our opinion it should be
granted, it becomes our duty to fix its amount. But when,
as is the case in most records of this kind which come be-
fore us, there is nothing to inform us as to the capacity and
ability of the applicant or his friends to give bail, we are
evidently without a guide by which to determine its proper
amount, and may in reference to the particular case under

consideration fix it at an amount altogether inadequate to secure the presence of the accused to answer the charge against him, or, on the other hand, in effect refuse bail by fixing it at a sum manifestly beyond the applicant's ability to give it.   To avoid results of this kind, the records should furnish us with such information as an examining court would require before fixing the amount, if bail is granted." 42 Texas, 309.

Following the example of the court in that case, we look to the facts connected with this case, so far as they are within our possession, by way of suggestion in determining the amount of bail.   The records of the Supreme Court and of this court show that these appellants have been jointly tried twice in Galveston County, for the offense of murder as charged in the indictment, and twice convicted, by verdict and judgment in the court below, of murder in the first degree ; that the appellant Black, after the change of venue was taken and a severance was awarded, was alone placed upon trial for this same offense, in Chambers County, and was again convicted of murder of the first degree, with his punishment affixed at imprisonment for life.   It is also known to this court, from an inspection of each of those cases on appeal (see 37 Texas, 366 ; 42 Texas, 360 ; and 1 Texas Ct. App. 368), that, in reversing each of those cases, the Supreme Court and this court did not pass upon the sufficiency of the evidence in the case, but that the case was each time reversed for errors in matter of law with reference to the trials below.

Taking these facts as our guide in the premises, it is ordered that Andrew J. Walker, one of the applicants in this case, be admitted to bail in the sum of $15,000, and that the other applicant, Jeff Black, is admitted to bail in the sum of $10,000.   The motion to dismiss the appeal is overruled.   The judgment of the lower court is reversed, and applicants admitted to bail in the sums as above named.

*Ordered accordingly.*