## J. C. ROBERTSON ET AL., V. S. E. JOHNSON ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Guardian sale—Order of sale—Description of land—Petition for sale—Parties—Charge on confirmation of sale—Payment in Confederate money—Decree of confirmation.*—The provision of the statute in force in 1860, requiring the order of sale to describe the property, is held to be directory.

An order of sale has been sustained in which no description was attempted to be given of the land ordered to be sold, or any mention, by name, designation or description, of any particular tract of land.

Where the order of sale empowered the guardian to sell "320 acres of land known as the headright of M.," etc., *held* to be such description as would furnish affirmative matter by which the land might be identified.

Objection to a guardian's sale upon the ground that the court had no jurisdiction to order the same, because it does not affirmatively appear that the guardian presented a petition asking for such an order, is not maintainable. The purchaser was not required to look beyond the judgment of a court of competent jurisdiction.

When one sued as sole heir, and sought to recover as such, the fact that there were other living heirs was no objection to a recovery of the land by the plaintiff as against a stranger.

See this case for charge of court on question of confirmation of sale held to be erroneous.

The payment to the guardian of the purchase money in Confederate notes or money, the same having been applied to the expenses of clothing, boarding and educating his wards, did not affect the validity of the title to the land, provided the sale was in other particulars sufficient.

Article 1327, P. D., which makes a conveyance made in accordance therewith *prima facie* evidence that all the requisites of the law had been complied with in making the sale, only gives the conveyance that effect when, in fact, a decree of confirmation had been made by the court, and in the absence of such a decree the recitals in the deed could not be considered *prima facie* evidence that such decree had been made.

Appeal from the District Court of Lamar county.—November 8, 1870, this suit was instituted by appellees as heirs of W. H. Merrill and wife (both deceased), to recover the 320 acres of land in Lamar county, described in the petition, from appellants. Appellees claim that they are the only surviving heirs of Merrill and wife, and, as such, the owners of the land in controversy; that there was a pretended sale of the land made by their guardian, P. J. V. Horton, in 1860, under a pretended order of the Probate Court of Hunt county; that Frank Miles pretended to purchase the land at such sale, and appellants claim different portions of the land by *mesne* conveyances from him. It is asserted that such sale was void, and no ti-

tle passed to Miles by reason thereof. That there was no valid order of sale, no report of the sale made by the guardian, and no confirmation of the sale by the court, and that it had never been completed.

Separate answers were presented by appellants, asserting that they purchased in good faith and hold under their respective deeds, and give their respective claims by metes and bounds. Also asserted that the guardian's sale was made in accordance with law; that the proceedings were fair and regular; that the land sold for a full price; that the purchase money was paid, and that appellees received the benfit of it; and claim the title through that sale.

The cause was tried December 9, 1875, and resulted in a verdict and judgment for appellees, from which this appeal was taken. Hardin Hart was a defendant, and against him there was no verdict, but by the judgment of the court he was discharged and recovered costs against appellees. He is not a party to this appeal.

Upon the trial, a transcript of the proceedings of the Probate Court of Hunt county in the matter of the said guardianship was introduced in evidence. It is meagre, and seems to be incomplete.

The questions involved in this appeal will be sufficiently shown in the opinion, without copying here the several assignments of error.

Opinion by Watts, J.—Appellants claim title to the land in controversy through a guardian's sale, and the appellees assert that the order of sale is void, because no description of the land is given in the same. This objection to the right of appellants to recover cannot be maintained, either upon the authorities or from the record.

The provision of the statute then in force, requiring the order of sale to describe the property, like that requiring the administrator to make an application for the sale, accompanied by an estimate of the expenses of administration, and a list of claims against the estate, verified by the affidavit of the administrator, is held to be directory. (Davis v. Touchstone, 45 Texas, 497; Kléinecke v. Woodward, 42 Texas, 310.)

An order of sale has been sustained, in which no description was attempted to be given of the land ordered to be sold, or any mention by name, designation or description of any particular tract of land. (Wells v. Polk, 36 Texas, 126.)

In this case the order of sale empowered the guardian to sell at the court house door, in the town of Paris, Lamar county, " 320

acres of land known as the headright of William H. Merrill," etc. As was said by the present Chief Justice in Davis v. Tuchstone, *supra*, "The description in these orders is not such as should have been given, but it cannot be said to give no data for identification." Here, if as recited in the order, the 320 acres of land was known as the headright of William H. Merrill, it appears that this would furnish affirmative matter by which the land might be identified.

We don't think the order of sale is void for a want of description of the property directed to be sold.

Appellees also urge as an objection to the guardian's sale that the court had no jurisdiction to order the same, because it does not affirmatively appear that the guardian had presented a petition asking for such an order.

This objection is not maintainable. Justice Wheeler, in the case of Alexander v. Maverick, 18 Texas, 196, used the following language: "It does not affirmatively appear by the record in this case that the application was not made by a petition in writing; but if it did so appear, I apprehend it could not, on principle, be held to defeat the probate court of its jurisdiction to order the sale on the application of an administrator; nor could the purchaser be affected by the irregularity, if such it was, in making the order. He was not required to look beyond the judgment of a court of competent jurisdiction." (See also, Guilford v. Love, 48 Texas, 735.)

This disposes of the questions urged by appellees as conclusive against the right of the appellants under the guardian's sale, and brings us to the consideration of the points relied upon by appellants for a reversal of the judgment. These we will consider in that order which is most convenient.

The objection to the judgment that it does not dispose of the case as to defendant Hart is not sustained by the record. Under the charge of the court, the verdict of the jury was, in effect, a finding in his favor, and it was so considered and treated by the court, for upon this finding judgment was rendered in favor of Hart, adjudging the cost in that respect against the plaintiff.

In the case of Pilcher v. Kirk et al. (Texas Law Journal, vol. 4, no. 40, p. 631) the cases were cited and reviewed, and the conclusion reached that where one sued as sole heir, and sought to recover as such. The fact that there were other living heirs was no objection to the recovery of the land by the plaintiff as against a stranger.

Now, if, as claimed by appellees, the guardian's sale was void, then it would not invest any right to the land in the appellants; and, admitting, for the sake of the argument, that there were other heirs equally entitled with appellees, this would not preclude a recovery in this suit by them.

Among other things, the court instructed the jury that to constitute a valid guardian's sale, certain requisites were necessary: first, that there should be an order of sale based upon a proper application; second, there must be a sale made in pursuance of the order; third, there should be a report of the sale made to the court; and, fourth, there must be a confirmation of the sale by the court and a title ordered to be made.

And the court further charged the jury in these words: "A confirmation of the sale, or something from which a confirmation might be inferred, or at least something done by the purchaser, giving him the right to have the sale confirmed, must be shown, in order to defeat the plaintiff's right to recover, or in order that the defendent may claim title under this sale. And if, after looking at all the evidence that has been submitted, you are satisfied that this sale was confirmed by the Probate Court of Hunt county, you will find for the defendants; otherwise you will find for the plaintiff's as against the defendants Robinson, Clements and Walker's heirs."

Upon that issue, the appellants requested the court to charge the jury, in effect, that if they believed from the evidence that the guardian had made a sale of the land in pursuance of the order, and that Frank Miles had purchased the same at such sale at its reasonable value, and had paid to the guardian the purchase money thereof, and the court had approved the account of the guardian, in which he reported the money received from such sale, taken in connection with the recitals contained in the guardian's deed, would constitute such title in appellants as would defeat a recovery by appellees; also, if the evidence showed the facts as above stated, then, from such facts, the jury might infer a confirmation of the sale by the court. These instructions were refused by the court.

In Neill v. Cody, 26 Texas, 290, Chief Justice Wheeler said: "A confirmation of the sale, or something from which a confirmation might be inferred; or, at least, something done by the purchaser giving him the right to have the sale confirmed, must have been shown to enable him to claim title under it."

That, to constitute a valid sale of land by a guardian, so as to in-

vest title in the purchaser, it does not admit of doubt but that the court must have, in some way or another, recognized the sale as fairly made, and at a reasonable price. A formal order of the court, expressly confirming the sale and directing title to be made, is not essential; but if such acts are shown upon the part of the court as would satisfy the jury that the court recognized and acquiesced in it, as a completed sale, when the purchase money had been paid and the deed executed, they might infer a confirmation by the court. Under the instruction given, the jury might well have drawn the conclusion that the burden was upon the appellants to satisfy them in some way that a formal order of confirmation had been made by the court. While a confirmation is essential to to the validity of such sales, owing to the loose and irregular manner in which such business has heretofore been conducted in our probate courts, in the very nature of things, considerable indulgence in presumptions must be allowed in support of the proceedings of these courts.

The rules indicated by the charge of the court for the guidance of the jury were more rigid and technical than the nature of the case demanded or the law required. While the charges asked by appellants and refused by the court, were not strictly accurate expositions of the law applicable to the case, still they sufficiently indicated to the court the error in the charge as given.

The payment to the guardian of the purchase money being in Confederate notes or money, the same having been applied to the expenses of clothing, boarding and educating his wards by the guardian, did not affect the validity of appellants' title to the land, provided the sale was in other particulars sufficient to invest title in them. (Roberts v. Schultz, 45 Texas, 184; Kennedy v. Briere, 45 Texas, 306; Rodgers v. Bass, 46 Texas, 305.)

In view of another trial, it is deemed proper to remark that article 1327, Paschal's Digest, which makes a conveyance made in accordance therewith *prima facie* evidence that all the requisites of the law had been complied with in making the sale, only gives the conveyance that effect, where, in fact, a decree of confirmation had been made by the court, and in the absence of such a decree, the recitals in the deed could not be considered in a case like the one before the court *prima facie* evidence that such decree had been made.

We conclude that the court erred in the charge to the jury, and

it does not appear but the appellants were injured thereby.    There-fore, the judgment of the court below ought to be reversed and the cause remended.

Report of Commissioners of Appeals examined, opinion adopted, judgment reversed and cause remanded.