## ANDREW NEILL v. ELIZABETH CODY.

A record of a Probate Court, consisting of a petition by an administrator for a sale of lands of his intestate, an order of sale by the court in accordance therewith, and a report of sales by the administrator, but no approval or confirmation of the sale by the court, or further proceeding thereon evidencing a completion of the sale, is not evidence of title to the land in the person reported by the administrator to the court as the purchaser at such sale.

A confirmation of the sale, or something from which a confirmation might be inferred, or, at least, something done by the purchaser entitling him to have the sale confirmed, was necessary to be shown in order to enable him to claim title under it.

The purchaser was not required to comply with the terms of the sale until it was confirmed. The case of Bradbury v. Red, 23d Texas Rep., 260, cited and approved on this point.

Where the officer taking a deposition certified that he had examined the witness "under oath by virtue of the commission hereto attached, and the above and foregoing contain all his answers, *verbatim et literatim*, which were sworn to before me in due form of law, and signed, he making his mark and sign thereto;" *held*, that the certificate was in substantial compliance with the statute.

Noill v. Cody.

The plaintiff having proved declarations of a defendant that he, the defendant, had a good title to the land in controversy from the administrator of the intestate to whom it had been patented, and held a deed for it, and had paid the money to the administrator; *held,* that it was not error to refuse to instruct the jury, on the application of the defendant, that such declarations were evidence of the defendant's title, and dispensed with the production of his deed.

Whether or not special issues should be submitted to the jury, was a matter entirely within the discretion of the court; and it was not error for the court to decline to submit special issues proposed by one of the parties litigant.

The possession of a vendee does not enure to the benefit of his vendor as to the portion of the tract not sold by the vendor to the vendee. The case of Cunningham v. Frandtzen, ante 34, cited and approved as to this point.

Appeal from Guadalupe. Tried below before the Hon. A. W. Terrell.

This action was brought by the appellee, Catherine Cody, as the heir at law of Michael Cody, deceased, against the defendants, Neill and several others, for the recovery of two tracts of land in Guadalupe county.

The defendants in their answers pleaded a general denial and the limitations of three and five years, and suggested valuable improvements in good faith under possession for more than twelve months. The appellant, Neill, was the principal defendant, under or from whom his co-defendants derived their claims and possession.

The cause came to trial at the Fall Term, 1858, when the plaintiff made out her title by patents from the government to Michael Cody for the land in controversy, and by evidence of the death of Michael Cody, and that she was his sister and sole heir.

The defendant, Neill, read in evidence a transcript from the Probate Court of Austin county, consisting of a petition of John York, administrator of the estate of Michael Cody, preferred to the said court at the November Term, 1846, and praying for an order of sale of the land in controversy, for the purpose of paying debts against the estate; a decree of the court at the September Term, 1847, in accordance with the petition; and a report of sales made by York, the administrator, verified by his oath on the 7th of June, 1848, by which report it appeared that Andrew Neill

was the purchaser of both the tracts of land at the administrator's sale on the 1st day of February, 1848. The court below instructed the jury that this "transcript of the proceedings of the Probate Court of Austin county, read before you, contains no evidence of title in Neill to the land sued for."

The plaintiff, in order to prove that Neill claimed under the administrator's sale, and by no other title, introduced the witness Wilson, who testified that "Watson, one of the purchasers under and from Neill, applied to witness to look into his (Neill's) title, when witness and Watson went to Neill, when Neill told Watson he had a good title from the administrator of Cody, and exhibited the transcript from the Probate Court of Austin county as evidence of title; and claimed to have a perfect title under the sale of the administrator of Cody; and that Neill said nothing about the Patrick deed, which he had at the time; Neill said he had a deed, and had paid the money to the administrator of Cody's estate, and would bring his deed up and put it on record." In view of which evidence the defendant, Neill, asked the court to charge the jury "that the declarations of Neill, as proven by plaintiff, that he had a good title, and that he had paid the purchase money, and that he had a deed from York, administrator of Cody, is evidence before them;" and further, "that plaintiff having proved Neill's declaration that he had a deed from the administrator of Cody's estate, is evidence of that fact, and would dispense with the production of such deed." The court refused these instructions.

The defendant, Neill, tendered certain special issues with reference to his deeds and possession, and requested the court to submit them to the jury; which the court refused to do.

He also asked the court to charge the jury that "if they believed from the evidence that Neill, by himself or those holding under him, held adverse peaceable possession for five years before the institution of this suit, under a deed duly recorded, and that Neill or his tenants paid the taxes on said land during such five years, then they must find for the defendant for the land covered by such deed." The court refused this instruction, also. The deed referred to in the charges asked by the defendant was a quit-

Neill v. Cody.

claim to the lands in controversy, made by J. B. Patrick to Neill on May 13th, 1850, and recorded in Guadalupe county on 20th of May, 1852.

The jury returned a special verdict, finding for Lilly, one of the defendants, under the statute of limitations, for one hundred and twenty-six and a half acres, which he claimed under his co-defendant, Byler; and in favor of the plaintiff for the balance of the land, allowing some of the defendants pay for improvements.

The defendant, Neill, moved for a new trial, which was refused, and he appealed.

The errors assigned of which the court took notice, are sufficiently indicated in the opinion.

*John Ireland*, for appellant.

*Oldham & White*, for appellee.

WHEELER, C. J. We are of opinion that there is no error in the judgment.

The court rightly instructed the jury that the record of the proceedings of the Probate Court of Austin county, read in evidence, did not show title in the appellant. The record in question showed only the petition of the administrator, the order of the court thereupon for a sale, and the report of sale by the administrator. There does not appear to have been any approval or confirmation of the sale, as the statute required. (O. & W. Dig., Repealed Laws, art. 194.) There is no evidence that the sale was completed by a compliance with its terms by the purchaser. There is the report of the administrator to the court, to the effect that the defendant, Neill, bid off the property upon a credit of twelve months; but it does not appear that he ever gave his notes for the purchase money, or that the sale was completed. No action of the court appears to have been taken as the statute required, or deed made by the administrator. This was comparatively a recent transaction, and if the sale had in fact ever been completed, the records of the court, which were accessible, would doubtless have shown the subsequent proceedings requisite to make out the trans-

fer of the title.   We must conclude that the terms of sale were not complied with by the purchaser, and that no further action of the court was invoked after the order of sale.   The purchaser was not required to comply with the terms of the sale until it was confirmed.   (Bradbury v. Red, 23 Tex. R., 260.) ˙ A confirmation of the sale, or something from which a confirmation might be inferred, or, at least, something done by the purchaser giving him the right to have the sale confirmed, must have been shown to enable him to claim title under it.

It was objected to the admission of the deposition of the witness, Thompson, that the certificate of the officer before whom it was taken was not such as the law requires.

In what particular the certificate was defective is not pointed out. It is supposed that the objection intended to be taken was that it is not stated by the officer in his certificate that the answers of the witness were "signed and sworn to by the witness before him." But this is evidently what was meant by the language employed in the certificate; and we think it sufficiently expressed, and that the certificate is a substantial compliance with the statute..

That the plaintiff was heir of the grantee of the land for which she sued, was sufficiently established by the evidence to warrant the finding of the jury.

The court did not exclude from the consideration of the jury any part of the statement of the defendant, Neill, proved by the witness, Wilson.   His whole statement in the conversation proved was before them for their consideration; and the court might very properly decline to instruct them, at the instance of the defendant, that it was so, or what effect they should give to his statement as evidence.

It was not error for the court to decline to submit special issues to the jury.   It was entirely within the discretion of the court to submit the issues proposed by counsel or not; and we think the court very properly declined to submit them, as the case was presented.

The court did not err in refusing the instruction asked by the defendant upon the defence of limitation.   The defendant, Neill, did not produce evidence of possession held by himself under his

recorded deed, for any period of time. Both the defendants, Byler and Watson, went in as the vendees and not as the tenants of Neill. Under the charge of the court, the land sold to the former was accorded by the verdict to, and held by his vendee under the statute; whether rightly or not, it is not necessary to inquire, as the plaintiff has not complained of the verdict and judgment in his favor. Watson's possession was not continued a sufficient length of time to give him the benefit of the statute; and if it had been, it could not have availed his co-defendant, Neill, since he held in his own right as vendee, and not in the right of the latter as his tenant. The possession of Neill's vendees was not his possession, nor did it enure to his benefit as to the remainder of the tract out of which their purchases were taken. This point was decided in the case of Cunningham v. Frandtzen, (October Term, 1861.)

There is no error in the judgment, and it is affirmed.

Judgment affirmed.