[Opinion delivered May 2, 1882.]

---

## J. C. Robertson et al. v. S. E. Johnson et al.

(Case No. 8008.)

1. Estates of decedents — Order of sale.— Under the statutes in force in 1860, the validity of a sale of real estate made by a guardian under an order of the probate court was not affected by a failure to accurately describe the land in the order; the statute requiring such description was directory.

2. Same.— An order of the probate court empowering a guardian to sell " three hundred and twenty acres of land known as the headright of William H. Merrill," etc., was sufficient.

3. Guardian's sale.— A purchaser of real estate at a guardian's sale, made on the order of the probate court, cannot be affected by his inability to show that the order was made on the written petition of the guardian asking for it. He is not bound to look beyond the judgment of the court having jurisdiction.

4. Confirmation of guardian's sale.— Art. 1327, Pasch. Dig., can only be construed to make a conveyance of the ward's land sold under order of the probate court *prima facie* evidence that all the requisites to a valid sale have been complied with, when in fact a decree confirming the sale has been made by the court. In the absence of such confirmation, the recitals in the deed cannot be considered as *prima facie* evidence that such decree had been made.

5. Same.— A formal order of court expressly confirming a guardian's sale of land is not indispensable to the validity of the sale; the same may be shown by acts done by the court showing that it recognized and acquiesced in it as a completed sale.

6. Case approved.— Roberts v. Schultz, 45 Tex., 184, approved.

Appeal from Lamar. Tried below before the Hon. John C. Easton.

On November 8, 1870, this suit was brought by appellees, as heirs of W. H. Merrill and wife (both dead), to recover three hun-

dred and twenty acres of land in Lamar county from appellants.
Appellees claimed that they were the only surviving heirs of Mer-
rill and wife, and as such the owners of the land in controversy;
that there was a pretended sale of the land made by their guardian,
P. J. V. Horton, in 1860, under a pretended order of the probate
court of Hunt county; that Frank Miles pretended to purchase the
land at such sale, and appellants claimed different portions of the
land by mesne conveyances from him.   It was claimed that such sale
was void, and that no title passed to Miles by reason thereof; that
there was no valid order of sale; no report of the sale made by the
guardian; no confirmation of the sale by the court; and that the
sale had never been completed.

Separate answers were filed by appellants, asserting that they
purchased in good faith and hold under their respective deeds, giv-
ing their respective claims by metes and bounds.   They also as-
serted that the guardian's sale was made in accordance with law;
that the proceedings were fair and regular; that the land sold for
a full price; that the purchase money was paid; that the appellees
received the benefit of it; and they claimed title through that sale.

The cause was tried December 9, 1875, and resulted in a verdict
and judgment for appellees, from which this appeal was taken.
Hardin Hart was a defendant, and against him there was no ver-
dict; but by the judgment of the court he was discharged and
recovered costs against appellees.   He was not a party to this appeal.

Upon the trial a transcript of the proceedings of the probate
court of Hunt county, in the matter of the guardianship, was intro-
duced in evidence.   It was meager and appears to be incomplete.

The questions involved will be sufficiently shown in the opinion,
without reference to the several assignments of error.

*Maxey, Lightfoot & Gill*, for appellants.

*E. L. & H. H. Dahoney* and *Jas. A. Poague*, for appellees.

WATTS, J. COM. APP.— Appellants claim title to the land in con-
troversy through a guardian's sale, and the appellees assert that the
order of sale is void, because no description of the land is given in
the same.   This objection to the right of appellants to recover can-
not be maintained, either upon the authorities or from the record.
The provision of the statutes then in force, requiring the order of
sale to describe the property, like that requiring the administrator

to make an application for the sale, accompanied by an estimate of the expenses of administration and a list.of claims against the estate, verified by the affidavit of the administrator, is held to be directory. Davis v. Touchstone, 45 Tex., 497; Kleinecke v. Woodward, 42 Tex., 310. An order of sale has been sustained in which no description was attempted to be given of the land ordered to be sold, or any mention by name, designation or description of any particular tract of land. Well⸗ v. Polk, 36 Tex., 126.

In this case the order of sale empowered the guardian to sell at the court-house door in the town of Paris, Lamar county, "three hundred and twenty acres of land known as the headright of William H. Merrill," etc. As was said by the present chief justice in Davis v. Touchstone, *supra*, "The description in these orders is not such as should have been given, but it cannot be said to give no data for identification." Here if, as recited in the order, the three hundred and twenty acres of land was known as the headright of William H..Merrill, it appears that this would furnish affirmative matter by which the land might be identified. We do not think the order of sale is void for a want of description of the property directed to be sold.

Appellees also urge as an objection to the guardian's sale that the court had no jurisdiction to order the same, because it does not affirmatively appear that the guardian had presented a petition asking for such an order. This objection is not maintainable. Justice Wheeler, in the case of Alexander v. Maverick, 18 Tex., 196, used the following language: "It does not affirmatively appear by the record in this case that the application was not made by a petition in writing. But if it did so appear, I apprehend it could not, on principle, be held to defeat the probate court of its jurisdiction to order the sale on the application of an administrator; nor could the purchaser be affected by the irregularity, if such it was, in making the order. He was not required to look beyond the judgment of a court of competent jurisdiction." See, also, Guilford v. Love, 49 Tex., 735. This disposes of the questions urged by appellees as conclusive against the right of appellants under the guardian's sale, and brings us to the consideration of the points relied upon by appellants for a reversal of the judgment. These we will consider in that order which is most convenient.

The objection to the judgment, that it does not dispose of the case as to the defendant Hart, is not sustained by the record. Under the charge of the court, the verdict of the jury was in effect a

finding in his favor, and it was so considered and treated by the court; for upon this finding judgment was rendered in favor of Hart, adjudging the cost in that respect against the plaintiffs.

In the case of Pilcher *v.* Kirk *et al.*, Texas Law Journal, Vol. 4, No. 40, p. 631, the cases were cited and reviewed, and the conclusion reached, that where one sued as sole heir, and sought to recover as such, the fact that there were other living heirs was no objection to a recovery of the land by the plaintiff as against a stranger.

Now if, as claimed by appellees, the guardian's sale was void, then it would not invest any right to the land in the appellants; and admitting, for the sake of the argument, that there were other heirs equally entitled with appellees, this would not preclude a recovery in this suit by them.

Amongst other things the court instructed the jury, that, to constitute a valid guardian's sale, certain requisites were necessary: 1st. That there should be an order of sale based upon a proper application.    2d. There must be a sale made in pursuance of the order. 3d. There should be a report of the sale made to the court; and 4th. There must be a confirmation of the sale by the court and a title ordered to be made.    And the court further charged the jury in these words: "A confirmation of the sale, or something from which a confirmation might be inferred, or at least something done by the purchaser giving him the right to have the sale confirmed, must be shown in order to defeat the plaintiff's right to recover, or in order that the defendants may claim title under this sale; and if, after looking at all the evidence that has been submitted, you are satisfied that this sale was confirmed by the probate court of Hunt county, you will find for the defendants; otherwise you will find for the plaintiffs as against the defendants Robinson, Clements and Walker's heirs."

Upon that issue the appellants requested the court to charge the jury; in effect, that if they believed from the evidence that the guardian had made a sale of the land in pursuance of the order, and that Frank Miles had purchased the same at such sale, at its reasonable value, and had paid to the guardian the purchase money thereof, and the court had approved the account of the guardian, in which he reported the money received from such sale, taken in connection with the recitations contained in the guardian's deed, would constitute such title in appellants as would defeat a recovery by appellees. Also, if the evidence showed the facts as above stated, then from such facts the jury might infer a confirmation of the sale by the court.    These instructions were refused by the court.

In Neill v. Cody, 26 Tex., 290, Chief Justice Wheeler said: "A confirmation of the sale, or something from which a confirmation might be inferred, or at least something done by the purchaser giving him the right to have the sale confirmed, must have been shown to enable him to claim title under it."

To constitute a valid sale of land by a guardian, so as to invest title in the purchaser, it does not admit of doubt that the court must have in some way or other recognized the sale as fairly made, and at a reasonable price. A formal order of court, expressly confirming the sale and directing title to be made, is not essential. But if such acts are shown upon the part of the court as would satisfy the jury that the court recognized and acquiesced in it as a completed sale, when the purchase money had been paid and the deed executed, they might infer a confirmation by the court. Under the instruction given, the jury might well have drawn the conclusion that the burden was upon the appellants to satisfy them in some way that a formal order of confirmation had been made by the court. While a confirmation is essential to the validity of such sales, owing to the loose and irregular manner in which such business has heretofore been conducted in our probate courts, in the very nature of things, considerable indulgence in presumptions must be allowed in support of the proceedings of these courts.

The rules indicated by the charge of the court for the guidance of the jury were more rigid and technical than the nature of the case demanded or the law required. While the charges asked by appellant, and refused by the court, were not strictly accurate expositions of the law applicable to the case, still they sufficiently indicated to the court the error in the charge as given.

The payment to the guardian of the purchase money, being in Confederate notes or money, the same having been applied to the expenses of clothing, boarding and educating his wards, by the guardian, did not affect the validity of appellants' title to the land, provided the sale was in other particulars sufficient to invest title in them. Roberts v. Schultz, 45 Tex., 184; Kennedy v. Briere, 45 Tex., 306; Rodgers v. Bass, 46 Tex., 305.

In view of another trial, it is deemed proper to remark that art. 1327, Paschal's Digest, which makes a conveyance made in accordance therewith prima facie evidence that all the requisites of the law had been complied with in making the sale, only gives the conveyance that effect when in fact a decree of confirmation had been made by the court; and in the absence of such a decree, the recitals in the deed could not be considered, in a case like the one

before the court, *prima facie* evidence that such decree had been made.

We conclude that the court erred in the charge to the jury, and it does not appear but the appellants were injured thereby. Therefore the judgment of the court below ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 9, 1882.]