G. A. BAUMGARTEN ET AL V. J. M. FROST ET AL.

No. A-267. Decided February 21, 1945.
Rehearing overruled May 9, 1945.
(186 S. W., 2d Series, 982.)

*Wayman & Klienecke, Crawford & Borofsky, Wm. D. Decker, W. E. Stone, Royston & Rayzor, Byron Economidy, Armstrong, Cranford, Barker & Bedford, Fine G. Bedford, Edward A. Jahn* and *Williams, Neethe & Williams,* all of Galveston, *Edgar Monteith, Albert R. Young, Albert J. DeLange, F. A. Stamper, R. P. Beman, Jr., Emory T. Carl, Elliott Cage, Joe S. Brown, Irwin W. Coleman, Fountain, Cox & Wilcox, Joyce Cox, Stewart, Burgess & Morris, Lawler, Wood & Childress,* and *Baker, Botts, Andrews & Wharton,* all of Houston, *Strong & Moore* and *Beeman Strong,* all of Beaumont, for petitioners, G. A. Baumgartner, et al.

To deraign title through an executor's sale, the minutes authorizing the sale must be produced or their absence accounted for, as the power to sell will not be presumed "unless it be shown that the record have been lost or destroyed." White v. Jones, 67 Texas 638, 4 S. W. 161; Collins v. Ball Hutchings & Co., 82 Texas 259, 17 S. W. 614; James v. Gaal, 282 S. W. 298.

Possession and location of land certificates do not evidence ownership of land. Chamberlain v. Pybas, 81 Texas 511, 17 S. W. 50; Love v. Eastham, 137 Texas 462, 154 S. W. (2d) 623; Bruni v. Vidaurri, 140 Texas 138, 166 S. W. (2d) 81.

*Fouts, Amerman & Moore,* and *W. J. Howard,* all of Houston, for J. M. Frost, et al.

Because of the long acquiescence by defendants; and no claim on their part for a return of the purchase money, the sale by the receiver to the plaintiffs was equivalent to a confirmation to vest title. Williams v. Sapieha, 59 S. W. 947; Ralls v. Parish, 151 S. W. 1089; Robertson v. Hefley, 118 S. W. 1159.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

J. M. Frost et al filed this suit in the district court of Galveston County on the 21st day of December, 1939, against G. A. Baumgarten et al to recover title and possession of land situ-

ated in said county. The trial court directed a verdict against J. M. Frost et al. On appeal the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for another trial. 181 S. W. (2d) 127. Each side applied for and was granted a writ of error.

On March 17, 1882, the Commissioner of the General Land Office of the State of Texas issued to the Texas Trunk Railroad Company some 225 land certificates, being numbered Nos. 326 to 549, inclusive. These certificates were delivered by the Land Commissioner to agents for the railroad company. On the 5th day of December, 1881, Thomas M. Simpson was appointed receiver for the railroad company by the district court of Kaufman County. Thomas M. Simpson as receiver, on March 21, 1882, sold to Yandell Ferris certificate No. 386 and to George H. Schley certificate No. 387. In the assignments of the certificates a consideration of $100.00 was recited in each of them. Ferris and Schley, having possession of said certificates, in 1882 caused them to be located in Galveston County, Texas, and the General Land Offiffice issued a patent to the Texas Trunk Railroad Company. It is in proof that it was the practice of the Land Office at that time to issue patents in the name of the railroad company rather than the assignees. The assignments of the certificates and the patents issued thereon were delivered to Ferris and Schley and were duly recorded in Galveston County, Texas, on January 28, 1887. There is no showing of any claim made to the certificates or the land by the railroad company or any of its receivers. Schley in 1890 conveyed the land located under his certificate for a cash consideration to his daughter, Mrs. Phoebe Everett. Ferris and Schley died before 1900. The certificate and the original patent obtained by Ferris were produced on the trial of this cause. The only order in the receivership proceedings having anything to do with land certificates appeals in the minutes dated April 1, 1882, showing that an application was made in chambers by Thomas M. Simpson, receiver, applying to the court for authority to sell 216 land certificates issued by the General Land Office of Texas to the Texas Trunk Railroad Company, asserting a necessity for such a sale and authorizing the receiver to sell at private sale for cash all of said land certificates and to report his action thereon at the next regular term of the court. In the order appointing the receiver, which was entered December 5, 1881, it is recited:

"It is ordered and decreed by the court that Thomas M. Simpson be appointed * * * receiver herein, * * * and, if need be under the direction of the court, to sell, transfer and con-

vey the whole or any part of the property of said railroad company * * *."

No other orders appear in the minutes of the district court of Kaufman County concerning land certificates. The records of the courts show that Thomas M. Simpson filed a report on June 10, 1882, and the same was approved by the court on June 27, 1882. The order of approval was set aside on July 1, 1882, and on July 1, 1882, Thomas M. Simpson was cited by the court for contempt and fined $1,000.00 for the refusal to obey the orders of the court. The receivership proceedings do not show any action by the court or subsequent receivers seeking to recover any land certificates from Thomas M. Simpson, the receiver, or seeking to recover any land which has been located in virtue of land certificates. Neither is there any order of the court confirming a sale of any land certificates. Frost et al contend that the assignments of the land certificates to Schley and Ferris by the receiver being ancient instruments over thirty years old, and the same purporting to be made under a power, such power will be presumed and have the legal effect of divesting the railroad company of title to the certificates and investing such title in Schley and Ferris.

Baumgartner et al content in effect that since the minutes of the district court of Kaufman County covering the period during which the receivership was pending are intact and complete, and no order appearing in the minutes of the court either authorizing the sale or the confirmation of such a sale, no presumption exists in favor of the power of the receiver to sell the certificates.

1, 2 The rule is firmly established that where an ancient instrument purports to have been executed under a power, and existence of the power will be presumed after a lapse of thirty years, but such power will not be presumed where it emanates from a court whose proceedings are required by law to be entered of record unless it be shown that the records of the court granting the power has been lost or destroyed. Jobe et al v. Osborne, 128 Texas 509, 97 S. W. (2d) 939. Frost et al invoke the rule frequently announced in probate cases, such as Simmons v. Blanchard, 46 Texas 266; Neill v. Cody, 26 Texas 286; Robertson v. Johnson, 57 Texas 62, 66; Moody v. Butler, 63 Texas 210; Corley v. Anderson, 5 Texas Civ. App., 213, 23 S. W. 839, 842; Cruze v. O'Gwin, 48 Texas Civ. App. 48, 106 S. W. 757, and others of like import. Frost et al more specifically contend that the recitation of a consideration stated in their ancient instruments is sufficient proof "of something from which a confirmation might be inferred or at least something done by the

purchaser giving him the right to have the sale confirmed."
(Quoting from Neill v. Cody, 26 Texas 286, loc. cit. 290, and re-
iterated in many other cases). The rule of liberal construction
and the reason therefor was stated by this court in the Johnson
case, 57 Texas 62, 66:

"While a confirmation is essential to the validity of such sales,
owing to the loose and irregular manner in which such busi-
ness has heretofore been conducted in our probate courts, in
the very nature of things, considerable indulgence in presump-
tion must be allowed in support of the proceedings of these
courts."

■ It must be remembered that in all of the cases involving the
validity of sales made by the probate courts it has been held
that:

"A confirmation of the sale, or something from which a con-
firmation might be inferred, or at least something done by the
purchaser giving him the right to have the sale confirmed, must
have been shown to enable him to claim title under it." (As quoted
from Neill v. Cody, 26 Texas 286, in the Johnson case, 57 Texas
62, loc. cit. p. 66).

In the cases where the rule has been applied there was a
sale of property specifically ordered by the probate court. The
sale was reported to the probate court and the court approved
the sale either by order or in some manner other than by formal
order of the court.

■ It is the settled law that the received appointed by a court
of record may act only under authority of the court which has
appointed him. Dillingham v. Putnam, 109 Texas 1, 14 S. W.
303; Mergenthaler Linotype Co. v. McClure, 16 S. W. (2d) 280.
It is equally true that whatever acts were authorized by the
district court of Kaufman County during the receivership pro-
ceedings are provable by the minutes of the district court. That
the district court of Kaufman County was a court of record
cannot be doubted. Its records were required by statute to be
kept in permanent form. See Articles 1107, 1113, 1129 and 1130,
Revised Civil Statutes of Texas, 1879, with reference to the acts
of a court of record, in 14 Am. Jur., p. 350, Sec. 137, it is said:

"The acts of a court of record are known by its records alone
and cannot be established by parol testimony. The court speaks
only through its records, and this rule applies in case of a
judge. Furthermore, the records of a court cannot be impugned
upon matters within its jurisdiction, when offered in evidence,
by counter evidence."

■ In Volume 21, C. J. S., p. 442, it is said:

" * * * it is held that matters relating to proceedings in courts but not disclosed by their records do not legally exist. Such records import absolute verity unless or until they are reversed or set aside, are conclusive as to those matters to which such records relate, and cannot be contradicted within the jurisdiction of the court, nor are they subject to collateral attack."

The real vice in the case made by Frost et al is that the assignments under which they claim show the power exercised by the receiver emanated from a court of record, and the records of the court fail to show that the sale of the certificates was confirmed by the court. The records of the court do not show any facts from which a confirmation can be inferred. That the receiver made a report to the court cannot aid their case, because there is mere speculation as to its contents. As is said in 7 R. C. L., p. 1018, Sec. 45:

"The acts of a court of record are known by its minutes alone."

■ It may be admitted that the presumption may be indulged that the certificates here involved were comprehended within the order of the court which authorized the sale of the land certificates, even though the receiver assigned the certificates on March 21, 1882, some ten days before the district court authorized the sale of 216 certificates, but it is not sound or logical to hold that upon this inference or presumption another presumption may rest, that is, that the receiver reported to the court the sale of these certificates and that the approval of the receiver's report by the court amounted to a confirmation of the sale of these certificates in the absence of any showing of the contents of the receiver's report which he made to the court.

■ A sale of property in the custody of the district court by a receiver is a species of judicial sale. That such a sale, in order to be valid, must be confirmed by the receivership court cannot be doubted. The order of the appointing court above quoted required a report to the court of the sale by the receiver and contemplated, if the terms of the sale as reported were satisfactory to the court, an order of approval. It cannot be presumed that the receiver accepted the cash consideration from Ferris and Schley and used same in connection with the receivership estate under the order of the court above quoted, before making a report to the court and having the same approved by the appointing court. To indulge such an inference would, in

our opinion, be a presumption that the receiver violated the orders of the court rather than obeyed them.

■ The proof offered on the trial in this case of other certificates having been sold by the receiver, Simpson, to other parties and land located thereunder in another county of the State, and the fact of no action having been taken by the receiver or the railroad company seeking to recover either the certificates or land located thereunder, has little relevancy to the issues involved in this cause. The claim asserted by Frost et al is in virtue of a power exercised by a receiver whose authority emanates solely and exclusively from the district court of Kaufman County. The proof stated does show, however, that where a certificate was sold by the receiver without the sale being confirmed by the court, and land located thereunder and reduced to possession, under the decisions of this court, after the lapse of more than sixty years, a grant to the land will be presumed. In one of the leading cases it is said:

"Since it is not consistent with human experience for one really owning property of value to assert no claim thereto, but to acquiesce for a long period of time in an unfounded, hostile claim, the rule is sound which permits the inference that an apparent owner has parted with his title from evidence, first, of a long asserted and open claim, adverse to that of the apparent owner; second, of nonclaim by the apparent owner; and third, of acquiesence, by the apparent owner, in the adverse claim." Magee v. Paul, 110 Texas 470, 478, 221 S. W. 254.

■ The mere possession of a land certificate or of dominion over title papers does not evidence ownership of the land. Shiflet v. Morelle, 68 Texas 382, 4 S. W. 843. Aside from procuring the certificates from the receiver, having surveys made by the county surveyor and obtaining patents from the Land Commissioner and recording them in Galveston County, Ferris and Schley and those claiming under them did nothing more than to make inquiries of various people seeking to have the land located. These acts in themselves are not sufficient under the law to justify a presumptive grant of the land located under the certificate. It was remarked by the Supreme Court in the case of Baldwin v. Goldfrank, 88 Texas 249, 31 S. W. 1064, loc. cit. 1066, that the case of Garner v. Lasker, 71 Texas 431, 9 S. W. 332, was regarded as pushing the doctrine to the very verge of authority. In the Garner case there was payment of taxes under a deed purporting to have been executed in virtue of a power of authority, besides other acts showing a continuous claim to the land. It was there held that the power might be pre-

sumed. It is stated in the supplemental argument filed in this court by Frost et al that they are not claiming under a presumptive grant.

Those claiming under Ferris and Schley say that since in their ancient ·assignments there is recited a valuable consideration, which is presumed to have been received by the receiver and used in connection with the receivership estate, the title should be sustained on the doctrine of estoppel. The fault of their position lies in the fact that the receiver had no authority to accept the recited consideration until his appointing court had authorized the sale by an order of .confirmation. They are in the same position as the purchaser was in the case of Cruse v. O'Gwin, 48 Texas Civ. App. 48, 106 S. W. 757, writ refused. The deed was executed by one purporting to act under a power granted by the probate court. A recited cash consideration was paid by the purchaser to the fiduciary. The deed was more than thirty years old. The sale was held invalid. The court said:

"But in this case there was no confirmation, nothing from which a confirmation can be inferred, and nothing done by the purchaser giving him the right to have the sale confirmed."

The same reasons compel a denial of the contention in the present case. The distinction appears in the case of Tucker v. Murphy, 66 Texas 355, 359, 1 S. W. 76, and the Jobe case above cited, 128 Texas 509, 97 S. W. (2d) 939.

The soundness of the rule that a deed or a power to make a deed may be presumed after a long lapse of time cannot be questioned. The rule is founded on the principle that long and continued acts of ownership, acquiesced in knowingly by those who hold an apparent adverse title, lead to the conclusion that the persons so exercising such acts have acquired the title (Baldwin v. Goldfrank, 88 Texas 249, 315 S. W. 1064), but it is equally sound that the acts of a court of record are only provable through its minutes. The acts of a court cannot be established by parol testimony unless the record thereof has been lost or destroyed. As we have heretofore stated, the minutes of the receivership proceedings in Kaufman County are complete and such minutes show no specific authority to sell the particular certificates here involved and the minutes do not show a confirmation of a sale of any land certificates. In our opinion, to presume a confirmation of the sale of the certificates by the district court of Kaufman County, in the face of the complete minutes of the court not showing such a confirmation, or noth-

ing from which a confirmation may be inferred, would violate the rule above stated, that is, "that matters relating to proceedings in courts but not disclosed by their records, do not legally exist." The enforcement of the rule last stated in a receivership proceeding in the district court canont possibly work an injustice. One dealing with a receiver is charged with the knowledge of the law that the authority of the receiver is limited to that given by the court. Properly belonging to the receivership must be sold on authority of the court and such a sale must be confirmed by the court.

It is urged that Baumgarten et al, being strangers to the title asserted by those claiming under Ferris and Schley, are not in position to question the title exhibited in this case. Frost et al sued in trespass to try title. They can only prevail if they show title in themselves. Kirby Lumber Company v. Conn, 114 Texas 104, 263 S. W. 902. The title exhibited shows an outstanding title in the name of the patentee, Texas Trunk Railroad Company, unless the sale of the land certificates to Ferris and Schley by the receiver be held valid. We have seen that the sale of the certificates was not valid. Therefore, the trial court correctly directed a verdict against Frost et al.

It follows, therefore, that the trial court was correct in directing a verdict against Frost et al on the ground that they failed to show a title in themselves and the Honorable Court of Civil Appeals erred in reversing the judgment of the trial court and remanding the case for another trial. Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court February 21, 1945.

Rehearing overruled May 9, 1945.