**GARY v. VICK et al.**

No. 4506.

Court of Civil Appeals of Texas. El Paso.
March 27, 1947.

Rehearing Denied May 22, 1947.

Rollins T. Harris, of Monahans (Earl Earp, of Monahans, on the brief), for appellant.

Crawford & Crawford, of Conroe for appellees.

McGILL, Justice.

This appeal involves the custody of Jerry Gary and Jeanne Mc Gary, minor children of appellant and appellee Ruby Gary Vick, who were formerly husband and wife.

Appellees filed a petition for a writ of habeas corpus in the District Court of Ward County, 109th Judicial District, in which they sought to recover custody of the children from appellant. Appellant filed an answer to the petition in which he sought to have custody of the children awarded to him. Trial to the court resulted in judgment that the children should be delivered by appellant to appellee Ruby Gary Vick immediately, and assessing all costs against appellant.

A brief summary of the pleadings is deemed necessary for a better understanding of the points presented. In their petition for the writ petitioners alleged that they were residents of Montgomery County; that on July 18, 1941, the petitioner, Ruby Gary Vick was granted a divorce from the defendant R. Gary by the District Court of Smith County, and in the judgment of divorce she was awarded custody of the minors, with the right of visitation of the defendant; that such decree had not been set aside or modified; that in June, 1946, she permitted the children to visit defendant at Monahans, Texas, with the understanding that they would be returned to her after the summer months were over, prior to the opening of school; that defendant refused to deliver them to her. Defendant answered by general denial and alleged: " * * * that the home of petitioners is not a suitable place for the rearing of minor children; that such children have been improperly treated in the home of petitioners; that the funds furnished by respondent for the support and maintenance of said minor children have been improperly used by petitioners and not applied for the benefit of such minor children, but on the contrary, *has* been used by petitioners

for their own use and benefit and further that the petitioners are not fit and proper persons to have the care, custody and control of such minor children of the petitioner Ruby Gary Vick, and your respondent;" and prayed that custody of the children be awarded to him. Petitioners filed a plea in abatement in which they alleged that defendant by his answer was attempting to assert an independent cause of action from that instituted by petitioners, by which he sought to obtain custody of the children, and that no citation had been issued or served on petitioners and they prayed that defendant's cause of action, in so far as he sought affirmative relief and custody of the minors, be abated and dismissed.

■■ Appellant's first point is that the court erred in sustaining the plea in abatement. The only showing of any action by the court on the plea of abatement appearing the record is an entry in the cause from the Judge's Civil Docket. This entry is: "Plea in abatement sustained, respondent excepts." This is insufficient to show any action by the court on the plea in abatement. The court could act only by orders duly recorded in its minutes. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, loc. cit. 566 (7 and 8); Baumgarten v. Frost, 143 Tex. 533, 186 S.W.2d 982, loc.cit. 985 (4-6), 159 A.L.R. 428.

The court filed Findings of Fact and Conclusions of Law, in substance that a Special District Court in Smith County on July 18, 1941, granted custody of the minors to petitioner Ruby Gary, now Ruby Gary Vick, as alleged; that in June, 1946 petitioner permitted the minors to visit respondent at Monahans, Texas, with the understanding that they should be returned to her by the 15th day of July, 1946, which respondent failed to do; that the residence of petitioners and of the minors is in Montgomery County, Texas, and: "I find that the order of the special district court of Smith County, Texas has not been modified and that no proceedings alleging a change of conditions has been filed in the original suit in Smith County, or in the County of the residence of the custodian of the minors", and concluded:

"Conclusions of Law.

"That the judgment of the Special District Court of Smith County, Texas, is in full force and effect and Petitioner is entitled to have custody and control of the minors under the age of fourteen years, to-wit; Jerry Gary and Jeanne McGary."

■ The substance of appellant's remaining point is that the court erred in the quoted finding and conclusion without first having heard evidence as to what was for the best interest of the minors. An examination of the Statement of Facts reveals that there was no evidence offered showing or tending to show that since the award of custody by the special district court of Smith County, conditions had changed, and that the best interest of the minors required a change of custody. In this state of the record the judgment of the special district Court of Smith County showed appellee Ruby Gary Vick to be entitled to the custody of the children, and the court could have rendered no other judgment than that rendered. It is true that in this as in all controversies involving custody of minor children the paramount and controlling question and ultimate issue is the welfare and best interest of the children. Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483, loc.cit. 487 (2); also that the judgment of the Special District Court of Smith County is res adjudicata only of what was then before the court and its finality ends when and if conditions affecting the welfare of the children have materially changed. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293. It was incumbent upon appellant to prove, as well as to allege, that conditions had so changed. Unless and until he did so, the judgment was a binding adjudication that the best interest and welfare of the children would be subserved by the award of their custody to their mother. See Duncan v. Duncan, Tex.Civ.App., 197 S.W.2d 229 loc.cit. 231 (4).

The Court may have erroneously concluded that he could make no award other than that made by the district Court of Smith County unless and until that judgment had been modified, but under the re-

cord the judgment rendered is correct, and it is affirmed.

## On Motion for Rehearing.

PRICE, Chief Justice.

Careful consideration has been given to the Motion for Rehearing herein. The findings of fact and conclusions of law disclose an erroneous view of the law by the trial court. However, appellant fails to show that he offered any evidence showing a changed condition since the rendition of the original decree. It is not shown that he was prevented from offering such evidence by the ruling of the trial court on the so-called plea in al tement, in fact, fails to show in the manner required by law a ruling by the court on the plea. There is no bill of exception to the rejection of testimony. This court is without power to reverse the cause in the state of the record.

It is ordered the Motion for Rehearing be overruled.