Henry W. STRASBURGER, Individually and as Independent Executor of the Estate of Mrs. D. A. Cole, Deceased, Appellant,

v.

Marjorie Mullins COMPTON et al., Appellees.

No. 15992.

Court of Civil Appeals of Texas.
Fort Worth.

May 22, 1959.

Rehearing Denied June 19, 1959.

Strasburger, Price, Kelton, Miller & Martin, Dallas, M. Hendricks Brown, Fort Worth, for appellant.

Wade, Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellees.

BOYD, Justice.

Appellees Marjorie Mullins Compton and husband, C. Ray Compton, and Jake Rushing sought to have probated as the last will of Mrs. D. A. Cole, Deceased, an instrument dated October 29, 1950, and to set aside the probate of a will of Mrs. Cole dated June 15, 1949. The action was brought against Henry W. Strasburger, individually and as independent executor of the estate of Mrs. Cole, and Rebbie Vincent Gathings and husband, Paul Gathings. All relief sought by appellees was denied by the County Court. On appeal to the District Court, there was a verdict for appellees and judgment was rendered setting aside the probate of the first will and admitting the second will to probate. Strasburger, individually and as executor, has appealed.

Appellant's mother was a first cousin of Mrs. Cole. Mrs. Compton is a niece as well as a second cousin of Mrs. Cole, her father being Mrs. Cole's brother. Mrs. Compton and another niece are Mrs. Cole's sole heirs at law.

Appellant was the principal beneficiary in the first will. There was a conditional bequest to Mrs. Gathings, but she assigned any interest she may have had in the estate to appellant. After directions as to burial, payment of debts, expenses, and taxes, the second will bequeathed to Strasburger, Mrs. Compton, and Raymond C. Gee $5,000 each; to Rushing 10 shares of stock in Ellison Furniture & Carpet Company; $1,500 to Mamie Henderson; and the balance of the estate to Mrs. Dove Alice Mullins, the mother of Mrs. Compton and widow of Mrs. Cole's deceased brother. Mrs. Mullins died intestate before the trial, leaving Mrs. Compton as her only heir at law.

Appellant contends that it was error to overrule his motions for an instructed verdict and for judgment non obstante veredicto. The grounds for the motions were based on the contention that the contest of the probate of the first will was barred by the provisions of Article 5534, Vernon's Ann.Civ.St., and that the application to probate the second will was barred by the provisions of Article 3326, it having been offered more than four years after the death of the testatrix.

■ We do not think that error is reflected by these points. Appellees' suit was filed June 8, 1956. The jury found that the first will was probated June 22, 1952. Although there was evidence raising the issue that it was probated on June 2, 1952, we think the evidence was sufficient to support the finding that it was probated on June 22, and that therefore the four year limitation provided for in Article 5534 does not bar the suit. From the time the will was probated until twelve days after this case was submitted to a jury in the District Court, the judgment admitting it to probate, as recorded in the minutes of the County Court, showed that it was probated on June 22, 1952. On June 18, 1958, after the District Court verdict but before its judgment was rendered, the County Judge signed an order instructing the County Clerk to correct the minutes to show that June 2 instead of June 22 was the date of the judgment. There was no notice to the adverse parties of the action of the County Judge, as seems to be required by Rules 316 and 317, Texas Rules of Civil Procedure.

"* * * The acts of a court of record are known by its records alone and cannot be established by parol testimony. The court speaks only through its records, and this rule applies in case of a judge. Furthermore, the records of a court cannot be impugned upon matters within its jurisdiction, when offered in evidence, by counter evidence * * *." 14 Am.Jur., p. 350, sec. 137, quoted with approval in Baumgarten v. Frost, 143 Tex. 533, 186 S. W.2d 982, 985, 159 A.L.R. 428.

■■ Moreover, Mrs. Compton was at all times material to this suit a married woman. By the provisions of Article 5535 it appears that the limitation mentioned in Article 5534 did not run against her. And recovery by her inures to the benefit of the other appellees. Masterson v. Harris, 107 Tex. 73, 174 S.W. 570; Michaelis v. Nance, Tex.Civ.App., 184 S.W. 785, error refused; Owens v. Felty, Tex.Civ.App., 227 S.W.2d 379, error refused.

■■ Another point is that the finding that Mrs. Cole executed the second will is so against the overwhelming weight of the evidence that it ought to be set aside. The evidence that she executed the will is clear and unimpeached. Her banker testified that in his opinion Mrs. Cole signed the instrument. Two other handwriting experts testified that they did not think she did. The persons whose names were on the will as attesting witnesses testified that Mrs. Cole signed the instrument, that she declared to them that the paper was her will, that she was of sound mind, and that the will

had not been revoked so far as they knew and believed. There was evidence that Mrs. Cole at times evidenced dislike for some of those who are devisees in the last will. But the jury and the trial court heard all the evidence and observed the witnesses; and we do not feel constrained to hold that the opinion of two handwriting experts and the other circumstantial evidence overcome the plain and unequivocal testimony of witnesses who were in a position to know, to such an extent as to show that the jury verdict was manifestly wrong. Unless such appears, the findings bind this court. Article 5, sec. 6, Constitution of Texas, Vernon's Ann.St.; Rules 451, 453, and 455, T.R.C.P.; In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Matlock v. Matlock, Tex.Civ. App., 245 S.W.2d 536; Hambrick Consolidated v. Walker, Tex.Civ.App., 269 S.W.2d 923.

■ Another point is that the court erred in not submitting an issue as to whether appellees were in default in not offering the second will for probate within four years of the testatrix' death. He excepted to the court's failure to submit such issue. The uncontradicted evidence is that the will was found by Mrs. Compton among the effects of her deceased mother, about May 20, 1956. Mrs. Cole died May 15, 1952. There was evidence that Mrs. Compton and her husband had heard that a subsequent will had been executed, but we think it was shown that they did not know enough about its execution and contents to probate it as a lost will. One of the attesting witnesses did not read the will, and the other attesting witness said he read the will but could not remember what sums or what property had been left to each person named therein, and did not remember the names of all the beneficiaries. There was no evidence that Rushing ever heard of the will until Mrs. Compton found it. To probate a lost will, it is necessary to establish with some degree of certainty its material contents in order that title to property

may pass. Harris v. Robbins, Tex.Civ. App., 302 S.W.2d 225; 57 Am.Jur., p. 639, sec. 983.

■ But even if it was not shown as a matter of law that appellees were not in default, we do not think appellant can complain. The execution of the later will revoked the former one. May v. Brown, 144 Tex. 350, 190 S.W.2d 715, 165 A.L.R. 1180; Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, 270 S.W. 1001. With the former will revoked, appellant's interest in the estate ceased. He is not an heir at law of Mrs. Cole, and it seems that he had no right to contest the later will. Stenzel v. Fischer, Tex.Civ.App., 195 S.W.2d 254, and authorities there cited. Moreover, with the first will revoked, it was to appellant's interest to have the second will probated, for he was a legatee in that will, and its probate was favorable to him. A party may not complain of errors which do not injuriously affect him. 3–B Tex.Jur., p. 303, sec. 882, and p. 717, sec. 1057.

■ It is contended that the court erred in refusing to hold as a matter of law that appellees were barred from any relief because they undertook to probate an alleged lost will of the brother of Mrs. Compton, and failed. It is said that most, if not all, of the property devised by the brother's will which had been theretofore probated was property which Mrs. Cole had given him, and he willed the same property to Mrs. Cole. But it was *his* property while he had it, and it was *his* alleged subsequent will which they tried to probate. That the same property was later devised to appellant by Mrs. Cole has no bearing on the question. The proposition we are urged to sustain is that an unsuccessful attempt to probate one person's alleged will bars a later attempt to probate another person's will. It seems to us that such cannot be the law. We are cited to no authority, and have found none, which supports the proposition.

■ There are several points to the effect that there was no evidence, or, in the

alternative, the evidence was insufficient to support findings of the jury as to the prior knowledge or lack of knowledge on the part of appellees and Mrs. Mullins as to the existence and content of the will of Mrs. Cole which they offered for probate in this proceeding. The issues were directed as to their said knowledge before, at the time of, and after they offered to probate the alleged lost will of W. C. Mullins. All the issues were answered in favor of appellees. We are unable to say that any of such answers were so against the overwhelming weight of the evidence as to be clearly wrong.

■ There are several points relating to the refusal of the court to permit appellant to testify to certain matters, which testimony was excluded on the objection that it involved transactions with the deceased and was inhibited by the provisions of Article 3716. The proffered testimony concerned the execution of the first will; certain conversations and transactions with Mrs. Cole showing her unfriendly feelings for Mrs. Mullins and Mrs. Compton; whether appellant was present at the time Mrs. Hester said there was a reading of a will to Mrs. Cole and instructions which Mrs. Hester said Mrs. Cole gave appellant to destroy the will. Appellant offered to testify further that Mrs. Hester's testimony was false; that he employed Hendricks Brown as an attorney for Mrs. Cole, with her knowledge and consent; that he assured Mrs. Cole that Brown could win her litigation; and that appellant conferred with Mrs. Cole about inheritance tax matters. Appellant says that appellees waived the provisions of Article 3716 by eliciting testimony from appellant in his deposition, which deposition was not offered in evidence. In the deposition appellant testified, in answer to questions by appellees' counsel, that he was in Mrs. Cole's home when the first will was signed, but was not in the room where it was signed; he knew that the will was being signed; he knew that several people were in the house at the time, but he did not know who was in

Mrs. Cole's room; he knew that Mr. Brown had prepared the will, and that with deceased's knowledge and consent appellant had employed Mr. Brown to prepare the will. We do not think that this interrogation was such a calling of an adverse witness as would make admissible the testimony which was excluded.

■ Finally, it is contended that the court erred in refusing to allow a commission to issue to take the written deposition of a handwriting expert who lives in Maryland. Notice that a commission would be asked to take the deposition of Albert W. Somerford was given to appellees on May 19, 1958. The interrogatories which were attached were directed to Arthur W. Somerford; and the interrogatories material here were as follows:

"5. Were you asked to form an opinion as to whether the alleged signature of Mrs. D. A. Cole on an instrument dated October 29, 1950 was her genuine signature or a forgery?

"6. Did you form an opinion?

"7. If you have stated you did form an opinion, what was it?

"8. Did you examine any instruments or documents in forming your opinion and, if so, please describe said documents or instruments, and from whom did you obtain them?

"9. Did you or not put any identification marks or brands upon said documents or instruments, and, if so, what marks or brands did you put on them, and where?

"10. Do you have said documents or instruments now and, if not, what did you do with them?

"11. Please state in detail your reasons for your opinions, if you have stated you have formed one, and how you arrived at your opinion, so that a jury can look at the documents or instruments as they hear your reasons."

The instruments and documents inquired about in the interrogatories appear not to have been attached.

Appellees' motion to restrain the issuance of the commission contained the following grounds, among others:

The cause was set for trial on May 26, 1958, and the five days' notice would expire on May 24; the commission could not have issued before the 26th, the date of trial; the local court rules required appellees to announce on Friday, May 23, and therefore they would have to announce before the commission would be issued and long before the testimony could be taken; since the notice shows that the deposition of Albert W. Somerford was desired, and the interrogatories were directed to Arthur W. Somerford, and appellees could not know whose deposition would be taken; that the documents, the genuineness of which the witness was to be asked about, were not attached or otherwise identified; that it would be impossible for appellees intelligently to cross-examine the witness, and their right to cross-examine would be unduly restricted and abridged to such an extent as to be denied.

It seems that appellant showed to appellees the documents referred to some two days after the interrogatories were served; but they were never attached to the interrogatories.

We do not think reversible error is reflected by this proceeding. We think appellees were entitled to the full five days in which to study the interrogatories and the documents about which the witness was to testify and to give his expert opinion. Moreover, two handwriting experts did testify for appellant, and both testified that in their opinion Mrs. Cole did not sign the questioned will. 15-A Tex.Jur., p. 139, sec. 67.

Believing that no reversible error is apparent, the judgment is affirmed.