**MInda HOLLIDAY et al., Appellants,**

**v.**

**H. V. SMITH, Appellee.**

**No. 348.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

R. O. Wyatt, J. Leonard Gotsdiner, Houston, for appellants.

Wayne G. Dotson, Foreman, Dyess, Prewett, Henderson & Cantey, Houston, for appellee.

## OPINION

GREEN, Chief Justice.

H. W. Smith of Goliad County, Texas, died on April 1, 1960. Application to probate his will was duly filed on April 21, 1960, in the County Court of said county by his son, Henry Vivian Smith, appellee herein, named as independent executor in the will. Since said applicant was a non-resident of Texas, his residence being in Washington, D. C., he filed with the county clerk of Goliad County concurrently with said application an instrument duly executed and acknowledged by him appointing A. T. Barefield of Refugio, Refugio County, Texas, as his resident agent to accept service of process in all actions or proceedings with respect to such estate, in compliance with Sec. 78(d) of the Texas Probate Code, V.A.T.S. Betts v. Betts, Tex.Civ.App., 395 S.W.2d 673, n. w. h. On *May 2, 1960*, the court signed its order admitting the will to probate, and granting letters testamentary to applicant Henry Vivian Smith.

On *September 28, 1961*, appellants Minda Holliday and her sister Vivian Felder, grandchildren of deceased, and nieces of appellee, joined by their husbands, filed their petition in the county court of Goliad County contesting the probate of the will of H. W. Smith, and praying that the order of probate be set aside. Appellee Henry Vivian Smith individually and as the Executor of the Estate of H. W. Smith, deceased, was named as defendant.

Although we have been unable to find any reference in the record (except in appellee's pleadings and brief) as to when citation was issued, and have not been referred to any evidence thereof by appellee's brief, the record does show that the date of service of such citation on A. T. Barefield, agent for service, was January 3, 1963, two years and eight months after the entry in the county court of the order of probate. It would appear a reasonable fact assumption that the citation was issued within 90 days prior to the date since under Rule 101, Texas Rules of Civil Procedure, a citation remaining unserved 90 days after issuance must be returned unserved. Appellee's original answer by which he appeared for the first time in the contest was filed January 21, 1963.

The county court upheld the order probating the will and naming appellee as independent executor. On appeal to the district court, a trial de novo before the court and jury was had, and an order was entered again denying contestants the relief sought. From said judgment, contestants have appealed to this court.

Prior to the trial on the merits in the district court, a pre-trial session was had to hear and rule upon exceptions and a motion in limine of proponent based on the issue of limitations as a matter of law as to certain of contestants' grounds of contest raised by their pleadings. Plaintiffs in the district court were depending, as their grounds of contest, on the contentions (1) that the will was a forgery; (2) that defendant was guilty of fraud; and (3) revocation of the will by deceased prior to his death. The court after hearing evidence and argument entered the following order:

"PRE-TRIAL ORDER

NO. 5012

| MINDA HOLLIDAY ET AL | IN THE DISTRICT COURT OF |
|---|---|
| VS. | GOLIAD COUNTY, TEXAS |
| HENRY VIVIAN SMITH ET AL | 24th JUDICIAL DISTRICT |

PRE-TRIAL ORDER

———◆———

"BE IT REMEMBERED that prior to the commencement of trial in the above numbered and captioned cause, a pre-trial hearing was held before this Court, and after consideration of the dilatory pleas and motions, the court made the following rulings and entered this its pre-trial order:

1. All grounds for setting aside the Probate of the Will of H. W. Smith, other than for fraud or forgery, are barred by limitations.

2. Any conduct or activity alleged to be the basis of fraud which occurred after the date of the Will of H. W. Smith was admitted to Probate is not properly joined in this cause of action.

3. The Plaintiff having made no contentions that the defendant was guilty of any fraud prior to the date that the Will was entered into Probate, no evidence shall be heard or adduced before the jury except that which bears upon the issue of forgery.

4. As the basis for this order, the court has taken judicial notice of the papers on file in the Probate Court and County Court of Goliad County, Texas, the oral statements of counsel setting forth con-

tentions of the parties and the pleadings on file herein.

Persuant to Rule 166, Texas Rules of Civil Procedure, this Order shall control subsequent course of action in this case unless modified during the course of trial to prevent manifest injustice.

ENTERED AND SIGNED the 9th day of December, 1966, nunc pro tunc.

Joe E. Kelly
Presiding Judge"

Appellants base their appeal on five points of error, as follows:

## "POINTS OF ERROR

1. The Court erred in granting Appellee's Motion in Lemine to confine the Appellants' testimony to the question of forgery and omitting all other grounds asserted by the contestants as a basis for setting aside the probate of the purported will.

2. The Court erred in sustaining Appellee's Plea of the Statute of Limitations.

3. The Court erred in failing to submit to the jury the requested definition of forgery.

4. The Court erred in failing to submit to the jury issues concerning the perpetration of fraud by the Appellee on the Appellants in offering for probate a will he knew his father had revoked.

5. The Court erred in denying Appellants' Motion for Judgment notwithstanding the verdict."

We shall consider together appellants' first and second points. Under the facts appearing of record, the trial court properly ruled that the issue of revocation was barred by limitation (Sec. 93, Probate Code) and that for the reasons found by the court, contestants would be limited to their alleged ground of forgery.

Prior to the adoption of the Probate Code of Texas, which became effective January 1, 1956, the limitation period for filing a suit to contest the validity of an order admitting a will to probate was within four years after the entry of the order, Art. 5534, Vernon's Ann.Tex.Civ.St., or within four years after discovery of forgery or other fraud, Art. 5536, V.A.T.S., and if the contestant be a minor, a married woman, a person imprisoned or of unsound mind, the time of such disability was not to be deemed a portion of the time limited for the commencement of the action. Art. 5535, V.A. T.S. However, this was changed when § 93 of the Probate Code of Texas became effective January 1, 1956. Such section reads as follows:

"After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest. * * *"

It is the settled law of this State that the mere filing of a petition in a law suit does not toll the statute of limitation. There must be a bona fide intention that process be both issued *and served*, and due diligence must be exercised by the plaintiff in such regard. Travelers Insurance Company v. Brown, Tex.Sup.Ct., 402 S.W.2d 500, 504; Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93; Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178; McMullen Oil and Royalty Company v. Lyssy, Tex.Civ.App., 353 S.W.2d 311, n. w. h.; Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, wr. ref. In

the present case, there was no attempt to excuse the delay in the issuance or service of citation for a period of over a year after the suit was filed on September 28, 1961, and approximately two years and a half after the original order of probate had been entered on May 2, 1960. The court properly ruled that all grounds of contest except those of fraud and forgery were barred by limitation, and no evidence on the issue of revocation should be admitted.

■ Appellants argue that since they are married women, the statute of limitation would not be applicable to them during their coverture under the provisions of Art. 5535, V.A.T.S. We do not agree. We hold that Art. 5535 is not to be construed as a limitation upon or an exception to the provisions of § 93 of the Probate Code as to married women. This conclusion is obvious because § 93, while specifically including exceptions for minors and persons non compos mentis, included within the provisions of Art. 5535, does not mention an exception for married women.

This construction is strongly supported by the statement of the Hon. R. Dean Moorhead, recognized as one of the principal drafters of the Texas Probate Code, in the foreword to such Code, page vi of Vol. 17A, V.A.T.S., as follows:

"3. The period for contesting a will has been reduced from four years to two years. The period for obtaining a bill of review has also been set at two years, as has the period for obtaining review by way of certiorari, *with the elimination of the former exception in favor of married women.*" (Emphasis added.)

Appellants rely on the case of Strasburger v. Compton, Tex.Civ.App., 324 S.W.2d 951, wr. ref. n. r. e., for the proposition that their coverture tolled the running of the statute of limitations. The facts of that case, however, dealt with a will that was admitted to probate on June 22, 1952, prior to the adoption of the Texas Probate Code, effective January 1, 1956. H. W. Smith,

the testator here, died in 1960, and his will was probated May 2, 1960, and this case is governed by § 93, supra, and not by Art. 5535.

■ Under Art. 5535, prior to the effective date of the Probate Code if a young matron in her twenties were interested in an estate, it could well be that administration could not be regarded as settled until after she had passed her silver or golden anniversary, and thus the estate might be left in an unsettled status for decades. We feel, and so hold, that one of the purposes and salutary effects of § 93 was to remove the exception of coverture from the requirement of the time in which to file and prosecute a suit to set aside an order of probate. See 12 Baylor Law Review, pp. 136–140, Wills—Period to Probate—Effect of Limitation Statutes.

■ As to the trial court's ruling that evidence of fraud would not be admissible in the trial on the merits, the record on the pre-trial hearing fully support the court's finding that this issue was not raised or tried in the county court trial.

"* * * The rule seems to be well settled that on appeal to the District Court from probate matters originating in the County Court, the District Court has only appellate jurisdiction to revise, declare void or set aside orders and decrees of the County Court sitting in Probate, and that no enlargement of the issues tried in the County Court will be permitted on appeal. * * *"

In re Martin's Estate, Tex.Civ.App., 284 S.W.2d 279, 280, wr. ref. n. r. e. and cases cited.

The order of the trial court at the pre-trial hearing was qualified by the court so as to permit it to be modified during the course of trial "to prevent manifest injustice." During the trial, appellants offered, on bill of exception, the testimony which they considered applicable to their contention of fraud. We have carefully considered such tendered testimony and find

no evidence that would support an issue of fraud practiced by contestant (or by any one) on the testator directed toward the execution of this will.

We find no merit in appellants' first and second points, and they are overruled.

Appellants' third point of error is that the trial court erred in failing to submit to the jury the requested definition of forgery. The only manner in which the record shows any objections or requests concerning the court's charge is in the statement of facts, which is not signed by the trial court, which reflects that after both sides had closed their evidence, and the charge had been submitted to counsel, the following oral proceedings took place:

"MR. GOTSDINER: Your Honor, we would like to make this objection, or at least submit this for the Court's consideration—

THE COURT: Okay.

MR. GOTSDINER:—by the term, 'forgery' is meant an instrument which is not signed by the person to whom the signature is attributed, or by the substitution of an instrument other than the one signed by the person to whom the signature—

MR. CANTEY: There is no evidence of substitution.

(Discussion off the record)

MR. GOTSDINER: We would also like to submit the following definition: By the term 'forgery' is also meant an instrument which is substituted in lieu of the purported instrument actually executed or signed by the person in question. In other words, we contended, your Honor, that there could be a forgery either by the signature other than the one to whom the signature is attributable, or to have a substitution of the instrument, themselves.

THE COURT: All right. That requested definition will be refused, and the Court will submit the following definition:

By the term 'forged instrument' as used herein, means an instrument signed by a person other than the one who purports to have signed such instrument.

(Discussion off the record)

(Recess.)"

The transcript contains no requests or written objections to the charge as given, and of course no ruling endorsed by the court on any such objections or requests. In fact, the transcript does not contain the charge of the court or the definition of forgery as actually given in the charge. Only the single issue on forgery as the question itself was worded is contained in the transcript, it being shown in the court's judgment.

We have serious doubts as to whether the question raised by appellants' point three is properly before us for decision under these circumstances. Rules 272, 273, T. R.C.P.; Grabes v. Reinhard Bohle Machine Tools, Inc., Tex.Civ.App., 381 S.W. 2d 395, wr. ref. n. r. e.; South Texas Electric Cooperative, Inc. v. Beutnagel, Tex.Civ.App., 388 S.W.2d 447, n. w. h.; Kettle v. Smircich, Tex.Civ.App., 415 S.W. 2d 935, n. w. h.

■ However, we have found no evidence in the record raising the issue of substitution of instruments or pages of an instrument in lieu of the instrument actually executed and signed by testator. Judge Benge, who drew the will, testified that he was present when the will was executed, that he and his secretary signed as subscribing witnesses at the request of the testator, and that the will which was admitted to probate was the same as the one which he drew and which was signed in his presence. Appellee concedes there was evidence as to the signature of testator being a forgery, and this issue was submitted to the jury and answered adversely to appellant. In the absence of any evidence of substitu-

tion of pages or instruments, the court properly refused to give the definition requested orally by appellant. Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S. W.2d 862. Appellants' third point is overruled.

 Appellants' fourth point dealing with the alleged error of the court in failing to submit an issue of fraud practiced by appellee upon appellants in offering for probate a will known by him to have been revoked is likewise overruled. We have heretofore pointed out that there was no evidence introduced before the jury raising the issue of fraud directed to the execution of the will. There was no competent evidence offered that defendant had any knowledge of any revocation of the will. Appellants did not object in writing to the charge for failure to include an issue on fraud, nor did they tender such an issue to the trial court. A request for submission and tender of the requested issue is the proper method of preserving the right to complain of failure to submit an issue which is relied on by the complaining party. Lyles v. Texas Employers' Insurance Association, Tex.Civ.App., 405 S.W.2d 725, wr. ref., n. r. e.; Parr v. Herndon, Tex.Civ.App., 294 S.W.2d 162, wr. ref., n. r. e.

By their fifth point of error, appellants contend that the court erred in overruling the motion for judgment notwithstanding the verdict because the defendant in unqualifiedly introducing in evidence without objection in the district court trial the entire record of the county court trial of the will contest thereby judicially admitted the truth of, and should be bound by, the allegations of plaintiffs' pleadings therein contained. Since this record also contained defendant's pleadings and the decree of the county court upholding the probate of the will, and since in the district court trial the defendant-appellee introduced the testimony of Judge Benge as stated above, the introduction of such record cannot be considered as any judicial admission of any of appellants' contentions. Ballard v. Aetna Casualty and Surety Company, Tex.Civ.App., 391 S.W.2d 510, wr. ref., n. r. e. The fifth point is overruled.

Affirmed.